LOVE v. METROPOLITAN LIFE INS. CO.

Civ. A. No. 8371.

United States District Court
E. D. Pennsylvania.

Nov. 30, 1948.

Harry Norman Bell, of Philadelphia, Pa., for plaintiff.

Owen B. Rhoads, of Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

■ This action is upon a policy of life insurance. The defense is false answers by the insured to questions in the application. The plaintiff's interrogatories, in substance, ask the defendant to disclose what investigation it made and what it knew about the insured's medical history and physical condition when it issued the policy, the purpose being to obtain, if possible, evidence that the defendant when it issued the policy did not rely upon the insured's answers. The main objection to the interrogatories is that under the law of Pennsylvania false answers void the policy regardless of whether they were relied on or not, that evidence of any facts elicited by the interrogatories would be excluded at any trial of the case and that the interrogatories need not therefore be answered, because "irrelevant".

Irrelevant to what? What the defendant is really arguing is that the issue raised by the plaintiff is irrelevant, not that the interrogatories are irrelevant to the issue. Unquestionably they bear logically and directly upon the principal issue in the case and the information sought is necessary to enable the plaintiff to prove her case upon that point. Whether or not the plaintiff is right is immaterial at this stage of the proceedings and I think that to ask the Court to decide the whole case on answers to interrogatories involves a misconception of the office of discovery procedure under the Rules. Of course a case might be conceived where the position of a party to litigation was so completely unfounded or absurd as to make it obvious that any discovery would be a waste of time. But this is plainly not such a case. If the defendant does not propose to deny that it relied on its own investigation (rather than on the insured's answers) it can get a speedy decision of the point involved by admitting it now. If however it controverts the fact it must answer relevant inquiries, so that the issue can be fully developed.

■ As to the other objections, they are mainly without merit. I think Interrogatory No. 3 is too broad and indefinite to require an answer and will sustain the objection to it. As to the requests that copies of written statements be attached, the practice of requiring such disclosure has long been followed in this court. The plaintiff's sole object is to learn what the defendant knew about the insured when it issued the policy. If for example Interrogatory No. 2 had been simply "What did you learn from your physician about the insured's state of health and what did the physician recommend?" (which is what it amounts to) the question would have to be answered and the only way in which a careful lawyer desiring to meet the question honestly and accurately would answer would be to attach a copy of any written report or recommendation which the physician made. I doubt that he would want to run the risk of giving the information by editing the written statement and putting it in his own words and it would be little short of absurd for the Court to say that that is what he should do. However, even if the requests should be treated as a motion to produce original documents under Federal Rules of Civil Procedure, rule 34, 28 U.S.C.A., I would say that the plaintiff has shown good cause.

■ Some of the facts asked for may be known to the plaintiff but that has seldom furnished a basis for sustaining objections to interrogatories. It appears in this particular case that considerable progress can be made in the way of narrowing and defining the issue by requiring answers to the interrogatories, even though some of the facts may be known to the plaintiff.

All objections are overruled except the objection to Interrogatory No. 3 which is sustained.