**ALFRED PEARSON & CO. (PTY.) Limited
v. HAYES (STEADMAN et al.,
third-parties defendant).**

Civ. No. 45—341.

United States District Court
S. D. New York.

April 25, 1949.

White & Case, New York City (J. Adam Murphy and Robert F. Little, New York City, of counsel), for plaintiff.

Lawrence I. Gerber, New York City, for third-parties defendant.

KAUFMAN, District Judge.

Interrogatories are propounded pursuant to Rule 33, Federal Rules of Civil Procedure 28 U.S.C.A. Some of the interrogatories require the production of copies of documents. To these plaintiff objects, contending that these documents may be made available only on an application for discovery and inspection pursuant to Rule 34 of the Federal Rules of Civil Procedure.

Without attempting to collate all of the cases considering this question, it is apparent that there is irreconcilable conflict among the decisions.[1] The only difference between the discovery procedure afforded by Rule 33 and that provided under Rule 34 is that there must be a judicial determination of "good cause" in a motion made under the latter rule. The object of Rules

---

[1] Cf. De Bruce v. Pennsylvania R. Co., D.C., 6 F.R.D. 403; Terrell v. Standard Oil Co. of New Jersey, D.C., 5 F.R.D. 146; Doman v. Isthmian Steamship Co., D.C., 6 F.R.D. 609; Hayman v. Pullman Co., D.C., 8 F.R.D. 238; Simonin's Sons v. American Can Co., D.C., 1 F.R.D. 134; Love v. Metropolitan Life Insurance Co., D.C., 8 F.R.D. 583—all declaring interrogatories calling for the production of documents proper—with Dellameo v. Great Lakes Steamship Co., D.C., 9 F.R.D. 30; Castro v. A. H. Bull & Co., D.C., 9 F.R.D. 84; Bruen v. Huff, D.C., 8 F.R.D. 322; Walling v. Parry, D.C., 6 F.R.D. 554. The decision in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, seems to have made the problem more perplexing. Cf. De Bruce v. Pennsylvania R. Co., supra, with Castro v. A. H. Bull & Co., supra.

26 to 37 inclusive is to provide for comprehensive means of discovery and inspection. The objections to the present application seem technical and, if sustained, can result only in the useless duplication of another motion under Rule 34 when, as in this case, the court is satisfied that good cause exists for the discovery of the documents in question. Since the third parties defendant would be entitled to inspect the original documents had motion been made under Rule 34, plaintiff cannot be heard to complain if the court treats this motion as one for discovery and inspection pursuant to the latter rule and orders that copies of the documents be produced in answer to the interrogatories. Cf. Kennedy v. Mississippi Valley Barge Line, D.C., 7 F.R.D. 78.

The other objections to the interrogatories are also·overruled.

Settle order on notice, plaintiff to have fifty days from the entry of the order in which to answer said interrogatories.