JUAN ROSADO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, PONCE PART, ARMINDO CADILLA GINORIO, JUDGE, Respondent.

No. C-66-48.　　Decided February 24, 1967.

*Víctor M. Barriera Vázquez* for petitioner. *Carlos J. Irizarry Yunqué* for intervener Juan Cosme Torres.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

Juan Cosme Torres filed a claim for damages against Juan Rosado, before the Superior Court, Ponce Part, basing his cause of action on some actions of defendant which culminated in the filing of a complaint against plaintiff for a violation of Act No. 26 of April 25, 1934. In synthesis, it is adduced that on account of machinations and false statements of Rosado, Cosme was charged with issuing a check for the amount of $575 against Banco de Ponce which Rosado

cashed, which check the bank subsequently returned for lack of funds or credit of the drawer; that Rosado knew that the facts charged in the complaint were false because said check had been required from Cosme by Rosado himself as guarantee and collateral to a debt by virtue of a loan executed between the parties; and that in view of the criminal action, Rosado, testifying as witness, had admitted that defendant had not had the intention of defrauding him, for which reason a judgment of acquittal was entered.

After the proper proceedings plaintiff served interrogatories on defendant, among which was the following:

"Please state the full names and addresses of each and every one of the witnesses you plan to use at the hearing of this case, without omitting any, and indicate after each name what his testimony shall consist of. In the event you, your attorney or any other person has written statements of any or some of those witnesses, please submit true and faithful copies thereof."

In his answer the defendant gave the names and addresses of the witnesses available and indicated he did not have any written testimonies. He abstained from stating the testimony to be given by the witnesses enumerated. Accordingly, the plaintiff requested the court to order defendant to submit this information, and it was granted. On reconsideration the order was ratified, on the ground that the information requested—a summary of each witness' testimony—could lead to the discovery of relevant evidence. It indicated also that the request made constituted an untimely objection because it had been raised 48 days after the request was served.

Together with the interrogatories, in a separate sheet, the plaintiff sent a request for admission of facts. Among others it contained the following:

"1. Admit that the check for $575 issued by plaintiff Juan Cosme and payable to the order of cash in that amount, and mentioned in the complaint, was delivered as collateral in

relation to a transaction for an automobile, which check represented a debt of $500 to you, plus $75 for interest; that at the time the check was issued you knew it did not have sufficient funds and that it was delivered to you solely as a collateral for said debt; and you particularly knew that plaintiff did not have any intention of defrauding you or any other person, as he did not defraud, inasmuch as you received the vehicle in question, thereby discharging the guarantee represented by said check.

"2. Admit that on January 20, 1965 you testified before the District Court, Ponce Part, in relation to criminal case No. 64-2963 of The People of Puerto Rico *v.* Juan Cosme for the violation of Act No. 26 of April 25, 1934 while Judge Juan Blaimayar Ferrara sat in the case; that the testimony given by you was tape-recorded; and that in said testimony you stated under oath specifically what is contained in paragraph 1 above.

"3. Admit that after the testimony given by you, which was the only evidence introduced in said criminal case No. 64-2963, on January 20, 1965, the plaintiff and then defendant Juan Cosme Torres was acquitted of the offense charged.

"4. Admit that having knowledge that the check issued by Juan Cosme to your order lacked funds and being aware that it had been delivered as collateral for a transaction of an automobile and therefore, that there was no intention to commit fraud, you appeared before a judge on July 22, 1964 and stated substantially the following: That on August 17, 1963 Juan Cosme, knowing that he did not have funds or established credit in the Ponce branch of the Banco de Ponce, issued check No. 1376 for the amount of $575, payable to the order of 'Cash,' against said Bank in said office, which he signed with his own name and delivered to you to cash it for him, which you did; that said Bank returned the check without honoring it because it lacked funds; but you did not inform that judge of the transaction which had taken place and of the fact that you knew at the moment the check was issued that it did not have funds.

"5. Admit that the information which was filed against plaintiff Juan Cosme Torres was the result of your complaint and of the determination of probable cause, on the basis of the testimony given by you before the judge on July 22, 1964, and that as a consequence of that accusation which was filed

with your knowledge that it was false that Juan Cosme Torres might have had the intention of defrauding, the latter was arrested, had to post bail, and had to appear before the District Court of Puerto Rico, Ponce Part, to defend himself against said charge, having been finally acquitted."

The defendant answered the requests for admission. His answer reads:

"1. I deny, because they are not wholly correct, the facts alleged in paragraph 1 of the Request for Admission.

"2. I admit that on January 20, 1965 I appeared before the District Court, Ponce Part, as witness in criminal case No. 64-2963, The People of Puerto Rico v. Juan Cosme Torres, for violation of Act No. 26 of April 25, 1934, the court being presided by Judge Juan Blaimayar Ferrara; that part of my testimony was tape-recorded in spite of the fact that defendant had waived the tape recording of the proceedings; I deny the facts mentioned in paragraph 1 of the Request for Admission because they are not entirely correct.

"3. I admit that plaintiff Juan Cosme Torres was acquitted of the offense charged.

"4. I deny having knowledge of the fact that the check issued by Juan Cosme Torres to my order did not have sufficient funds; I deny it was given as a collateral on any transaction for an automobile; I admit that Juan Cosme Torres was accused, which accusation was filed in the Ponce police station in the terms stated in paragraph 4 of the Request for Admission.

"5. I admit that the accusation filed against Juan Cosme Torres was the result of the complaint I filed, in the drafting of which I did not intervene, limiting myself to informing Detective Torres Madera that the Banco de Ponce had returned to me a check issued by defendant because he did not have sufficient funds in said Bank; I do not know whether Cosme was arrested or had to post bail; I admit that he had to appear before the Ponce District Court to defend himself of the accusation filed and that he was finally acquitted."

Not satisfied with these answers plaintiff requested the court to consider as admitted the facts as related in requests

numbers 1, 2 and 3 and partially as to numbers 4 and 5. It was so determined by the respondent court.[1]

We issued a writ of certiorari to review both orders.

1. Rule 30 of the Rules of Civil Procedure of 1958 refers to Rule 23.2 for determining the scope of the interrogatories: they can refer to any subject matter involved in the investigation under Rule 23.2 which defines the scope of the depositions. To this respect the latter refers to any matter, not privileged, which is relevant to the subject matter involved in the pending action, including the identity and location of persons having knowledge of relevant facts. *Sierra, Secretary of Labor* v. *Superior Court*, 81 P.R.R. 540 (1959). It shall be kept in mind that when our Rules were revised in 1958 we incorporated into Rule 30 an amendment proposed in 1954[2] to Federal Rule No. 33 and which specifically authorizes to require, as part of or attached to the answers, a list of the witnesses which the party interrogated proposes to use at the trial, or copies of any statements regarding the action previously made by the interrogating party or copies of all papers, books, accounts, letters or photographs not privileged, unless the opportunity is given to examine and copy them. Regarding the identity of the witnesses it seems at first sight that there exist two criteria under our rules: that of Rule 23.2, persons having knowledge of relevant facts and that of Rule 30, witnesses whom the party interrogated proposes to use at the trial.[3] Since 1947, in *Water Resources*

---

[1] Plaintiff had previously requested that partial summary judgment be entered inasmuch as "the facts the admission of which was required . . . and which were admitted by virtue of Rule 33.1 of the Rules of Civil Procedure are equivalent to those alleged in paragraphs 3 and 4 of the complaint." This request was denied without setting forth grounds.

[2] Advisory Committee on Rules for Civil Procedure, Preliminary Draft of Proposed Amendments to the Rules of Civil Procedure for the United States District Courts (1954). This amendment to Federal Rule No. 33 was not passed.

[3] In the federal procedure most of the authorities are against the disclosure of the names of the witnesses proposed to be used at the trial,

*Authority* v. *District Court,* 66 P.R.R. 796, 803 (1947), we had preferred the interpretation given by text writer Moore to Rule 26(b) with respect to 33, recognizing that it was appropriate to require the list of the witnesses whom a party proposes to use. Notwithstanding the broadness of this criterion, in *Long Corporation* v. *District Court,* 72 P.R.R. 31, 33 (1951), we stated that:

". . . Moore himself, despite maintaining, as we have seen, the right of a party to be furnished with the identity and location of the witnesses whom the adverse party proposes to use, does not go any further regarding this matter and believes, correctly, we think, that it is not fair to require a party to inform what he proposes to prove by each one of said witnesses. As expressed by Judge Taft . . . witnesses do not belong to one party more than to the other, but this does not mean that the party proposing to use a certain witness is compelled to tell the adverse party which part of his case he intends to prove by his testimony. [Citation.] To oblige a party to furnish such information would invade the privacy of the attorney's plan in prosecuting his case. *Cf. Hickman* v. *Taylor,* 329 U.S. 495."

We held the same view in *Román Montalvo* v. *Delgado Herrera, supra.*

■ It is convenient to point out that under the doctrine which prevails in the federal jurisdiction, Rule 34—equivalent to our Rule 31—governs the production of the *written* depositions of witnesses or of the parties, after showing of good cause. Annotation, *Statements of Parties or Witnesses as Subject of Pretrial or other Disclosure, Production or Inspection,* 73 A.L.R.2d 12 (1960). In this respect we pointed out that our Rule 30 has a larger scope than the federal,

---

Moore, Federal Practice, § 26.19(4) (2d ed.), indicating that the right moment to request this is at a pretrial conference, *Truck Drivers and Helpers* v. *Grosshans & Petersen, Inc.,* 209 F.Supp. 161 (Kan. 1962). Rule 37(d) provides that in the pretrial conference "the disclosure of the identity of the witnesses which they propose to use at the trial" will be considered. See *Román Montalvo* v. *Delgado Herrera,* 89 P.R.R. 419 (1963).

because it permits that by means of the interrogatories copy of "papers" not privileged[4] be required, and in the following Rule 31 the showing of good cause is dispensed with. See, *Fusco* v. *Richard W. Kaanse Baking Co.*, 205 F.Supp. 459 (Ohio 1962); *Harvey* v. *Eimco Corporation*, 28 F.R.D. 380 (Pa. 1961); *Stovall* v. *Gulf and South American Steamship Company*, 30 F.R.D. 152 (Texas 1961). Besides, it should always be considered that Federal Rule No. 34 refers to disclosures between the parties, and not to statements which the attorney may have obtained while preparing the client's case.[5]

---

[4] The note from the Advisory Committee, *op. cit.* at 29, 30 explained the proposed amendment in the following manner:

"The amendment specifically authorizes submission of interrogatories asking that copies of described classes of documents be attached to the answers, unless the interrogating party is given an opportunity to examine and make copies of such documents. Thus the amendment resolves what has been called an 'irreconcilable conflict among the decisions.' *Alfred Pearson & Co.* v. *Hayes*, 9 F.R.D. 210 (S.D.N.Y. 1949). Many cases had held that production of documents could be had only under Rule 34, which has hitherto required a showing of 'good cause' for such production, and that it was not proper to seek production or inspection of documents in connection with interrogatories served under Rule 33; *e.g.*, *Alltmont* v. *United States*, 177 F.2d 971 (3d Cir. 1949), cert. den. 339 U.S. 967 (1950). In another group of cases, however, it has been urged that to require a party to serve an interrogatory under Rule 33 asking whether documents exist, and then to move under Rule 34 to inspect the document, is a needless technicality, serving only to delay the ultimate result. *Hayman* v. *Pullman Co.*, 8 F.R.D. 238, 240 (N.D. Ohio 1948). See also, *e.g.*, *De Bruce* v. *Pennsylvania R. Co.*, 6 F.R.D. 403 (E.D. Pa. 1947). Yet a third line of cases has held that copies of documents can be obtained in connection with interrogatories, provided a showing of 'good cause', equal to that required under Rule 34, can be made; *e.g.*, *Maddox* v. *Wright*, 11 F.R.D. 170 (D.D.C. 1951); *Alfred Pearson & Co.* v. *Hayes, supra*, 9 F.R.D. 210 (S.D.N.Y. 1949)."

[5] In adopting Rule 31 of 1958 on discovery and inspection of documents, the amendment suggested in 1954 by the Federal Advisory Committee, *op. cit.* pp. 31–32, was incorporated. This amendment was not approved by the Supreme Court of the United States.

The explanatory note to the amendment reads:

"The amendment eliminates the former requirement that the party seeking inspection show 'good cause therefor.' None of the other ordinary procedures for discovery has contained any similar requirement; the Rules

▪ ■ As we are not dealing here with the production of the witnesses' written statements—appellant answered that he did not have any testimonies—the trial court erred in ordering the appellant to state the content of the testimony of the witnesses he proposed to present, pursuant to the local rule expressed in *Water Resources Authority* v. *District Court, supra.* Nothing prevents the intervener, however, if interested in knowing it, from resorting to the orthodox method provided by Rule 27, the taking of depositions.

■ In support of his action the trial judge adduced as additional ground that the objection introduced was untimely because it had not been raised within ten days after the interrogatories had been served. Precisely, for situations like the one discussed herein, Rule 30 was amended in 1961 by an

---

have provided, instead, for discovery as a matter of course, with the burden on the party objecting to such discovery to move for a protective order under Rules 30(b) and (d). The amendment does not fully assimilate the practice under Rule 34 to that under the other rules. A court order is still required, although the burden of showing cause is removed . . . . Since the amendment to Rule 33, set forth above, allows a party to obtain *copies* of documents in connection with interrogatories under that rule, the principal occasion for utilizing Rule 34 in connection with documents will be where a party wants the original document for use as evidence; this purpose would have satisfied the rather vague definitions heretofore given of 'good cause.' See 4 *Moore's Federal Practice,* § 34.08 (2d ed. 1950); 7 Cyc. Fed. Proc. §§ 25.598–25.600 (3d ed. 1951). And the amendment to the rule does not affect the limitations set out in *Hickman* v. *Taylor,* 329 U.S. 495 (1947), as to examination of documents obtained in anticipation of litigation or in preparation for trial."

For an interesting commentary on what became of the amendments proposed to Federal Rules 33 and 34, incorporated into Puerto Rico's Rules 30 and 31, see Tolman, *Discovery under the Federal Rules: Production of Documents and the Work Product of the Lawyer,* 58 Colum. L. Rev. 498 (1958). See also, Nordbye, *Comments on Proposed Amendments to Rules of Civil Procedure for the United States District Courts,* 18 F.R.D. 105, 114 (1956); Groce, *Amendments to the Federal Rules of Civil Procedure as Proposed by the Supreme Court Advisory Committee,* 23 Ins. Counsel J. 7 (1956).

It is interesting to note that in the amendments adopted by the United States Supreme Court in 1966, although Rules 33 and 34 are revised those of the 1954 bill were not included. Moore, Rules Pamphlet with Comments 742–751 (1966).

addition to the effect that: "[t]he court may, in the exercise of its discretion, relieve a party from answering interrogatories to which no timely objection has been made, when the information requested refers to privileged matter *or is clearly outside the scope of the interrogatory under Rule 23.2.*" As we have already decided any indication as to what the party seeks to establish with the testimony of each witness is beyond the scope of the interrogatories. *Cleminshaw* v. *Beech Aircraft Corporation*, 21 F.R.D. 300 (Del. 1957), Notation in 72 Harv. L. Rev. 560 (1959). It would have been proper to relieve appellant from answering on that matter even though the objection had not been raised on time. *Sierra, Sec. of Labor* v. *Superior Court*, 81 P.R.R. 540 (1959).

■■ 2. The request for admission of facts and of the authenticity of documents provided by Rule 33[6] is the typical

---

[6] The text of Rule 33 in force is the following:

"33.1. Request for admission

"After commencement of an action a party may serve upon any other party a written request for the admission by the latter of the genuineness of any relevant documents described and exhibited with the request or of the truth of any relevant matters of fact set forth in the request. If a plaintiff desires to serve a request for admission within 10 days after commencement of the action, leave of court, with or without notice upon the adverse party, must be obtained. Copies of the documents shall be served with the request unless copies have already been furnished. Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after service thereof or within such shorter or longer time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters, or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant, or that the request is otherwise improper in whole or in part, together with a notice of hearing the objections at the earliest practicable time. If written objections to a part of the request are made, the remainder of the request shall be answered within the period designated in the request. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party deny only a part or a qualification of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder. If the request for admission is rejected

mechanism to achieve one of the objectives sought by the pretrial proceedings provided by the civil procedure: to furnish a clear picture of the questions in controversy between the parties. Strictly speaking, it does not constitute an instrument for the investigation and discovery of evidence; its function is rather to define and limit the controversy from the petitioner's viewpoint, obtaining admissions which can be usually evaded when answering the allegations or interrogatories or the questions made during a deposition. That is so because the petitioner has the advantage of making the request in the manner he considers convenient and necessary and it is incumbent on the respondent to strictly admit, deny or admit partially. In the other proceedings the mere drafting of the question does not have the effect of limiting the controversy because it necessarily depends on the answer given. This is precisely the adequate procedure to avoid evasive and ambiguous answers. For a complete exposition of the scope of this rule, see, Finman, *The Request for Admissions in Federal Civil Procedure*, 71 Yale L.J. 371 (1962) ; Notes in 74 Harv.

---

for lack of information or knowledge of the party required, the latter shall further set forth in his sworn statement that he does not have the reasonable means to obtain such information or acquire such knowledge. "33.2. Effect of admission

"Any admission made by a party pursuant to such request is for the purpose of the pending action only, and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding."

This text is identical to that of Federal Rule 36, except that we incorporated into it the last sentence of part (1) on denial based on information and belief. This addition was proposed by the Federal Advisory Committee in 1954, *op. cit.* p. 36, but it was not approved. Neither was it accepted in the 1966 revision.

The explanatory note of the Committee read:

"Some decisions have held that a party should not be required to admit or deny facts which are not within his knowledge, although the means of acquiring knowledge are readily at hand. [Citations.] The better view, consistent with the purpose of Rule 36, has been that a party must answer a request for admission, even though he has no personal knowledge, if the means of information are reasonably within his power. [Citations.] The amendment follows the cases last cited."

L. Rev. 940, 968–970 (1961), 16 Rocky Mt. L. Rev. 167 (1944) and 29 Calif. L. Rev. 783 (1941).

As the petitioner did not raise any objection of impropriety to the contents and drafting of the requests[7] it is not necessary that we consider this aspect of the question. There remains to determine whether in the light of the answers given the following facts may be deemed admitted, in addition to the express admissions made in the answer to the requests, as held by the trial court:[8]

(1) the check for $575 issued by the plaintiff and payable to "cash" was given as a guarantee in relation to a transaction for an automobile and it represented an indebtedness to defendant for $500 plus $75 interest;

(2) defendant knew at the moment the check was delivered that it lacked funds and that it was given solely as collateral for said debt;

(3) defendant knew specifically that plaintiff did not have any intention of defrauding him or any other person, inasmuch as defendant received the vehicle thereby discharging the guarantee represented by said check;

(4) in the testimony given during the criminal prosecution the defendant's testimony was in conformance with the facts stated in the three preceding paragraphs;

---

[7] The rule itself limits the objections which can be raised in the requests to alleging that the admission required is (a) privileged, (b) irrelevant to the controversy and (c) improper in whole or in part. Under this last modality of impropriety such objections have been raised, that i) the admission would be inadmissible pursuant to a rule of exclusion of evidence, ii) the matter involved in the request is the object of controversy, iii) the request seeks to cover "the whole case," iv) the admission requested involves a matter of opinion or of law, instead of a matter of fact. Moore, *op. cit.* § 36.06.

[8] As a good and accepted practice the requests should refer only to one subject, be drafted in simple form, avoid its drafting in an argumentative manner, and repetition. The arduous task of the trial court patiently separating the facts in the several requests which we substantially followed in this opinion, shows how far the plaintiff disregarded the minimum standards established.

(5) defendant's testimony was the only evidence introduced in the criminal cause against plaintiff;

(6) the defendant appeared before a judge on July 22, 1964 and gave substantially the same version of the facts which were set forth in the accusation as constituting a public offense;

(7) the determination of probable cause was based on said testimony given by defendant on July 22, 1964;

(8) as a result of the complaint filed defendant was arrested and had to post bail.

Although the denial regarding the first three facts—"because they are not wholly correct"—may, as vague and ambiguous, lead to have them deemed admitted, that answer cannot be read isolatedly and separate from the one given in relation to paragraph 4 in which the defendant specifically denied in substance that the check issued did not have funds and that it had been delivered as part of "any transaction" of an automobile. The answer itself shows no admission of the facts stated. But there is more. On the same date the request was answered the defendant answered an interrogatory in which he gives the reason for the delivery of the check in the following manner:

"1. In the month of July 1963, plaintiff Juan Cosme Torres gave me a check postdated August 17, 1963 in the amount of $575 for me to cash, which I did; and to guarantee the payment of said check he delivered to me a Chevrolet automobile, which was registered on somebody else's name in the Public Works office, but Cosme assured me that it belonged to him. After August 17, 1963 I personally took the check to the teller's window of the Banco de Ponce in the Plaza de las Delicias of Ponce, which refused to honor said check for lack of funds. I talked to Cosme immediately afterwards requesting him to pay the amount of his check and he refused, offering in turn the definitive delivery of the vehicle he had given me as collateral for the check, promising to transfer its license to my name. Time passed without Cosme reimbursing me for the check or

transferring the license of the vehicle. Some days later the vehicle was repossessed by Santiago Rodríguez, who went to fetch it on instructions of the true owner of the car. In view of this situation I agreed to turn in the automobile and I again requested Cosme to reimburse me for the check, this time through a collection agency in Ponce. These steps were also unsuccessful, although on several occasions Cosme promised to subsequently deposit enough funds in the Banco de Ponce to cover the amount of the check."

■   Under these circumstances, the plaintiff cannot maintain, unless he attempts to avail himself of a literal and strict interpretation, that the facts which are the basis of the whole controversy between the parties, have been admitted. *Cf. Kasar* v. *Miller Printing Machinery Company*, 36 F.R.D. 200 (1964); *Lant* v. *New York Central Railroad Company*, 37 F.R.D. 69 (1963); *Peck* v. *Clesi*, 37 F.R.D. 11 (1963); *Pittsburgh Hotels Ass'n* v. *Urban Redevelop. Auth.*, 29 F.R.D. 512 (1962).

■   In view of appellant's answers the facts stated in paragraphs 4 to 8 were admitted. In this respect it is significant to indicate that, in general terms, the courts have allowed a party to withdraw admissions when the latter has acted diligently, the effect of the admission is to suppress the truth, and it does not cause prejudice. It has been recognized that the affected party must act by way of a motion. It is very important to determine the difficulties regarding the evidence which the party who obtained the admission will encounter in case the party is permitted to withdraw it and clarify the reasons which justify the change of attitude regarding the admission. *Nicholson* v. *Bailey*, 182 F.Supp. 509 (Fla. 1960); *United States* v. *Wimbley*, 125 F.Supp. 691 (Ark. 1954); *United States* v. *Lemons*, 125 F.Supp. 686 (Ark. 1954). In order not to weaken the value of Rule 31, the discretion must be exercised prudently. The much used

phrase "in furtherance of justice," alone, shall not be considered sufficient.

For the reasons stated the order entered by the Superior Court, Ponce Part on April 15, 1966 ordering appellant to disclose the contents of the testimonies of the witnesses he proposed to use in the trial, will be set aside, and the other order of the same date is modified so as to set aside the determination that the facts stated in paragraphs 1 to 3 of this opinion are to be considered admitted and, as thus modified, it will be affirmed.