JUAN ROSADO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE PONCE, HON. ARMINDO CADILLA GINORIO, JUEZ, demandado.

*Número*: C-66-48      *Resuelto*: 24 de febrero de 1967

*Víctor M. Barriera Vázquez,* abogado del peticionario; *Carlos J. Irizarry Yunqué,* abogado del interventor Juan Cosme Torres.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Ante el Tribunal Superior, Sala de Ponce, acudió Juan Cosme Torres en reclamación de daños y perjuicios contra Juan Rosado, fundándose la causa de pedir en actuaciones del demandado que culminaron en la presentación de una denuncia contra el demandante por una infracción a la Ley

Núm. 26 de 25 de abril de 1934. En síntesis, se aduce que debido a maquinaciones y afirmaciones falsas de Rosado se le imputó a Cosme la expedición de un cheque por la suma de $575 contra el Banco de Ponce que Rosado cambió y que el banco luego le devolvió por falta de fondos suficientes o crédito del girador; que a Rosado le constaba la falsedad de los hechos imputados en el pliego acusatorio toda vez que el cheque de referencia había sido exigido por el propio Rosado a Cosme como garantía y para representar una deuda en virtud de un préstamo concertado entre las partes; y que en vista de la causa criminal Rosado, declarando como testigo, había admitido que el denunciado no había tenido la intención de defraudarle, razón por la cual recayó sentencia absolutoria.

Después del trámite de rigor, el demandante notificó interrogatorios al demandado, entre los cuales figuraba el siguiente:

"Sírvase indicar los nombres completos y direcciones de todos y cada uno de los testigos que usted habrá de utilizar en la vista de este caso, sin omitir ninguno, e indique a continuación del nombre de cada uno en qué consistirá su testimonio. De tener usted, su abogado, o cualquier otra persona declaraciones escritas de alguno o algunos de dichos testigos, sírvase suministrar copias fieles y exactas de las mismas."

En su contestación el demandado informó el nombre y la dirección de los testigos de que disponía y señaló que no tenía declaraciones escritas. Se abstuvo de indicar el testimonio que se proponían ofrecer los testigos relacionados. Por tal motivo el demandante solicitó que se le ordenara al demandado que supliera esta información, a lo cual el tribunal accedió. Solicitada la reconsideración se ratificó la orden, fundándose en que la información requerida—el resumen de la declaración de cada testigo—podía conducir al descubrimiento de prueba pertinente. Indicó además que el reparo

interpuesto constituía una objeción tardía por haberse levantado cuando ya habían transcurrido 48 días de la notificación.

Conjuntamente con los interrogatorios el demandante, en pliego separado, dirigió un requerimiento para la admisión de hechos. Entre otros, contenía los siguientes:

"1. Admita que el cheque de $575.00 expedido por el demandante Juan Cosme y pagadero a la orden de cash por la suma de $575.00, y a que se hace referencia en la demanda, fue dado en garantía en relación con una transacción sobre un automóvil, y cuyo cheque representaba una deuda a usted de $500.00, más $75.00 de intereses; que usted sabía en el momento de hacerse el cheque que el mismo no tenía fondos y que se le entregaba únicamente como garantía a los fines de representar dicha deuda; y específicamente usted sabía que el demandante no tenía intención alguna de defraudarle ni a usted ni a ninguna otra persona, como tampoco le defraudó, toda vez que usted recibió el vehículo en cuestión, con lo que quedaba liberada la garantía representada por dicho cheque.

2. Admita que el 20 de enero de 1965 usted prestó testimonio ante el Tribunal de Distrito de Puerto Rico, Sala de Ponce, en el caso criminal número 64-2963 de El Pueblo de Puerto Rico v. Juan Cosme, por Infracción a la Ley Núm. 26 de 25 de abril de 1934, estando presidida la Sala por el Honorable Juez Juan Blaimayar Ferrara; que la declaración prestada por usted fue grabada en cinta magnetofónica; y que en dicha declaración manifestó usted bajo juramento específicamente lo que aparece bajo el requerimiento número 1 precedente.

3. Admita que luego de la declaración prestada por usted, que fue la única prueba que desfiló en la vista del citado caso criminal número 64-2963, en la referida fecha 20 de enero de 1965, el demandante y entonces acusado Juan Cosme Torres fue absuelto libremente del delito imputado.

4. Admita que teniendo usted conocimiento de que el cheque expedido por Juan Cosme a favor de usted no tenía fondos, y a sabiendas de que el mismo había sido dado en garantía en relación con la transacción sobre el automóvil y que por tanto

no había intención de defraudar, usted compareció ante un magistrado el 22 de julio de 1964 y declaró ante dicho magistrado, sustancialmente lo siguiente: Que el 17 de agosto de 1963 Juan Cosme expidió, a sabiendas de que no tenía fondos ni crédito establecido en el Banco de Ponce, oficina de Ponce, un cheque número 1376 por la cantidad de $575.00, pagadero a la orden de 'Cash', a través de dicho Banco en la citada oficina, el cual firmó con su propio nombre y lo entregó a usted para que usted se lo cambiara, lo que usted hizo; que el citado Banco devolvió dicho cheque sin pagar por carecer de fondos; pero usted no informó a dicho magistrado sobre la transacción habida y el hecho de que usted sabía en el momento en que se expidió dicho cheque que el mismo no tenía fondos.

5. Admita que la denuncia que se radicó contra el demandante Juan Cosme Torres fue consecuencia de la querella presentada por usted y de la determinación de causa probable, con base en la declaración prestada por usted ante el magistrado el 22 de julio de 1964, y que como consecuencia de dicha denuncia, radicada a sabiendas de usted de que era falso que el señor Juan Cosme Torres hubiese tenido la intención de defraudar, éste fue arrestado, tuvo que prestar fianza, y tuvo que comparecer ante el Honorable Tribunal de Distrito de Puerto Rico, Sala de Ponce, para defenderse contra dicha imputación, siendo finalmente absuelto."

El demandado contestó los requerimientos de admisión. Dice su contestación:

"1. Niego por no ser totalmente correctos los hechos alegados en el Requerimiento de Admisiones número uno.

2. Admito que el 20 de enero de 1965 comparecí ante el Tribunal de Distrito de Ponce como testigo en el caso criminal número 64-2963, El Pueblo de Puerto Rico vs. Juan Cosme Torres, por infracción a la Ley número 26 de 25 de abril de 1934, estando presidida la Sala por el Honorable Juez Juan Blaimayar Ferrara; que parte de la Declaración prestada por mí fue grabada en cinta magnetofónica a pesar de que el acusado había renunciado a la grabación de los procedimientos; niego los hechos relatados en el Requerimiento de Admisiones número uno, por no ser totalmente correctos.

3. Admito que el demandante Juan Cosme Torres fue absuelto del delito que se le imputaba.

4. Niego que tenía conocimiento de que el cheque expedido por Juan Cosme Torres a mi favor no tenía fondos; niego que el mismo fue dado en garantía en relación con transacción alguna sobre un automóvil; admito que Juan Cosme Torres fue denunciado, cuya denuncia fue radicada en el Cuartel de la Policía de Ponce en los términos que aparecen en el Requerimiento de Admisiones número cuatro.

5. Admito que la Denuncia que se radicó contra Juan Cosme Torres fue a consecuencia de la querella presentada por mí, en cuya redacción no tuve yo intervención alguna, limitándome a informar al detective Torres Madera que el Banco de Ponce me devolvió sin pagar un cheque expedido por el acusado por no tener éste fondos suficientes en el referido Banco; ignoro que el señor Cosme haya sido arrestado o que tuvo que prestar fianza; admito que tuvo que comparecer al Tribunal de Distrito de Ponce para defenderse de la Denuncia radicada, quien fue finalmente absuelto."

Insatisfecho con estas contestaciones la parte actora solicitó que se tuvieran por admitidos los hechos según relatados en los requerimientos Núms. 1, 2 y 3 y parcialmente en cuanto a los Núms. 4 y 5. Así lo determinó el tribunal recurrido. (¹)

Expedimos auto de *certiorari* para revisar ambas resoluciones.

1. La Regla 30 de las de Procedimiento Civil de 1958 refiere a la Regla 23.2 para la determinación del alcance de los interrogatorios; podrán referirse a cualquier asunto sujeto a ser investigado bajo la Regla 23.2, que define el ámbito de las deposiciones. A este respecto esta última alude a cualquier asunto, no privilegiado, que fuere pertinente a la cues-

---

(¹)Previamente el demandante solicitó se dictara sentencia sumaria parcial ya que "los hechos cuya admisión se requirió. . . y han quedado admitidos en virtud de la Regla 33.1 de Procedimiento Civil equivalen a los alegados en los párrafos 3 y 4 de la demanda". Esta solicitud fue declarada sin lugar, sin exponerse fundamentos.

tión envuelta en el pleito pendiente, incluso la identidad y paradero de personas que tengan conocimiento de hechos pertinentes. *Sierra* v. *Tribunal Superior*, 81 D.P.R. 554 (1959). Debe advertirse que al efectuarse la revisión de nuestras reglas en 1958 incorporamos a la Regla 30 una enmienda propuesta en 1954 [2] a la 33 federal y que específicamente autoriza a requerir, como parte de o unida a las contestaciones, una lista de los testigos que la parte interrogada espera utilizar en el juicio, o copias de todas las declaraciones con relación al pleito prestadas anteriormente por la parte interrogante o copias de todos los escritos, libros, cuentas, cartas o fotografías que no sean de carácter privilegiado, a menos que se ofrezca una oportunidad para examinarlos y copiarlos. En cuanto a la identidad de los testigos parece a primera vista que existen bajo nuestras reglas dos criterios: el de la Regla 23.2, personas que tengan conocimiento de los hechos pertinentes, y el de la Regla 30, personas que se espera utilizar en el juicio como testigos. [3] Ya desde 1947, en *Autoridad de Fuentes Fluviales* v. *Corte*, 66 D.P.R. 844, 852 (1947), habíamos optado por la interpretación dada por el tratadista Moore a la Regla 26(b) en relación con la 33, reconociendo que era procedente solicitar la lista de testigos que una parte se dispone a utilizar. No obstante la amplitud

---

[2] Advisory Committee on Rules for Civil Procedure, *Preliminary Draft of Proposed Amendments to the Rules of Civil Procedure for the United States District Courts* (1954). Esta enmienda a la Regla 33 federal no fue aprobada.

[3] En el procedimiento federal el peso de las autoridades es contrario a la revelación de los nombres de los testigos que se intenta utilizar en el acto del juicio, Moore's *Federal Practice* (2ª ed.), § 26.19(4), indicándose que el momento apropiado para solicitarlo es durante la celebración de la conferencia preliminar, *Truck Drivers and Helpers* v. *Grosshans & Petersen, Inc.*, 209 F.Supp. 161 (Kan. 1962). La Regla 37(d) dispone que en la conferencia preliminar se considerará "la revelación de la identidad de los testigos que se espera utilizar en el juicio". Véase, *Román Montalvo* v. *Delgado Herrera*, 89 D.P.R. 428 (1963).

de este criterio, en *Long Corporation* v. *Tribunal de Distrito*, 72 D.P.R. 32, 34–35 (1951) dijimos que:

". . . el propio Moore a pesar de que sostiene como hemos visto el derecho de una parte a que se le suministre los nombres y direcciones de los testigos que la parte contraria se dispone a utilizar, no va más lejos en esa materia y opina, con razón a nuestro juicio, que no hay derecho a exigir que se informe lo que la parte se propone probar con cada uno de dichos testigos. Como dijera el Juez Taft . . . los testigos no son patrimonio exclusivo de una de las partes, pero esto no significa que la que se propone utilizar determinado testigo venga obligada a indicar a la contraria qué parte de su caso intenta probar con su declaración. [Cita]. El obligar a suministrar tal información invadiría el derecho del abogado a mantener secreto el plan que se propone seguir al conducir su caso. Cf. *Hickman* v. *Taylor*, 329 U.S. 495."

En el mismo sentido nos pronunciamos en *Román Montalvo* v. *Delgado Herrera*, supra.

■ Es conveniente apuntar que bajo la doctrina prevaleciente en la jurisdicción federal, la Regla 34—equivalente a nuestra Regla 31—es la que rige la producción de las declaraciones *escritas* de los testigos o las partes, previa la demostración de justa causa. Anotación, *Statements of parties or witnesses as subject of pretrial or other disclosure, production or inspection*, 73 A.L.R.2d 12 (1960). A este respecto apuntamos que nuestra Regla 30 es más amplia que la federal, pues permite que por vía de interrogatorios se requiera copia de los "escritos" no privilegiados, (4) y que en la 31

---

(4) La nota del Comité Consultivo, *op. cit.*, págs. 29 y 30, explicaba esta propuesta enmienda en la siguiente forma:

"La enmienda específicamente autoriza la notificación de interrogatorios requiriendo que se unan a las contestaciones copias de ciertas clases de documentos a menos que a la parte promovente se le ofrezca la oportunidad de examinarlos y copiarlos. En esta forma se resuelve lo que se ha denominado un 'conflicto irreconciliable entre las decisiones' *Alfred Pearson & Co.* v. *Hayes*, 9 F.R.D. 210 (S.D.N.Y. 1949). Muchos casos habían sostenido que la producción de documentos podía lograrse únicamente bajo la Regla 34, que hasta ahora ha requerido una demostración de 'justa

siguiente se dispensa de la demostración de justa causa.
Véanse, *Fusco* v. *Richard W. Kaanse Baking Co.*, 205 F.Supp.
459 (Ohio 1962); *Harvey* v. *Eimco Corporation*, 28 F.R.D.
380 (Pa. 1961); *Stovall* v. *Gulf and South American Steam-
ship Company*, 30 F.R.D. 152 (Tex. 1961). Además debe
siempre considerarse que la Regla 34 federal se refiere a
descubrimiento entre las partes, y no a declaraciones que
pueda haber obtenido el abogado de la parte en la prepara-
ción del caso del cliente.(5)

---

causa' para ello, y que no era procedente solicitar la producción o ins-
pección de documentos en conexión con interrogatorios notificados bajo
la Regla 33; e.g., *Alltmont* v. *United States*, 177 F.2d 971 (3d Cir. 1949),
cert. den. 339 U.S. 967 (1950). En otro grupo de casos, sin embargo, se
ha expuesto que constituye un tecnicismo innecesario recurrir a la Regla
33 para determinar mediante interrogatorios sobre la existencia de determi-
nados documentos, para luego solicitar su inspección mediante moción bajo
la Regla 34, contribuyendo así a demorar la disposición final del asunto.
*Hayman* v. *Pullman Co.*, 8 F.R.D. 238, 240 (N.D. Ohio 1948). Véase tam-
bién, e.g., *De Bruce* v. *Pennsylvania R. Co.*, 6 F.R.D. 403 (E.D. Pa. 1947).
Y otra línea de decisiones ha establecido que puedan obtenerse copias de
documentos a través de interrogatorios siempre que se demuestre la existen-
cia de 'justa causa', según se requiere bajo la Regla 34; *Maddox* v.
*Wright*, 11 F.R.D. 170 (D.D.C. 1951); *Alfred Pearson & Co.* v. *Hayes*,
supra, 9 F.R.D. 210 (S.D.N.Y. 1949)."

(5) Al adoptar le Regla 31 de 1958, sobre descubrimiento e inspección
de documentos, se incorporó la enmienda sugerida en 1954 por el Comité
Consultivo federal, *op. cit.*, págs. 31 y 32. Este enmienda no fue aprobada
por el Tribunal Supremo de Estados Unidos.

La nota explicativa de la enmienda dice:

"La enmienda elimina el requisito anterior que requiere a la parte
que solicita la inspección demostrar la existencia da 'justa causa para ello'.
Ninguno de los procedimientos usuales de descubrimiento contiene un re-
quisito similar; las reglas han provisto, en su lugar, para el descubri-
miento como cuestión de rutina, colocando sobre la parte que lo objeta la
carga de solicitar una orden para que se le proteja bajo las Reglas 30(b)
y (d). La enmienda no asimila completamente la práctica bajo la Regla 34
a la de las otras reglas. Todavía se requiere una orden del Tribunal, aun
cuando se elimina el requisito de la demostración de justa causa. . . . Como
la enmienda a la Regla 33 permite a una parte obtener copia de los docu-
mentos en conexión con interrogatorios bajo dicha regla la ocasión princi-
pal para utilizar la Regla 34 en conexión con documentos será cuando
una parte interesa el documento original como evidencia, propósito que
hubiere satisfecho la definición imprecisa que hasta la fecha se ha dado

■ Como aquí no se trata de la producción de declaraciones escritas de los testigos—el recurrente contestó que no tenía declaraciones en su poder—erró el tribunal de instancia al ordenar a la parte recurrente que indicara el contenido del testimonio de los testigos que se proponía presentar, conforme la regla local expuesta en *Autoridad de Fuentes Fluviales* v. *Corte*, supra. Nada impide, sin embargo, al interventor que de interesar conocerlo recurra al medio ortodoxo que proporciona la Regla 27, la toma de deposiciones.

■ Para sostener su actuación el juez a quo adujo como fundamento adicional que la objeción presentada era tardía ya que no se había interpuesto dentro del término de 10 días de habérsele notificado los interrogatorios. Precisamente, para situaciones como la que discutimos, en 1961 la Regla 30 fue enmendada incorporándosele una disposición al efecto de que "[e]l tribunal podrá, en el ejercicio de su discreción, relevar a una parte de contestar interrogatorios que no hayan sido objetados oportunamente, cuando se solicite información sobre una materia privilegiada, *o que está claramente fuera del alcance del interrogatorio según lo dispuesto en la Regla*

---

de 'justa causa'. Véase, 4 Moore's *Federal Practice,* sec. 34.08 (2da. ed. 1950), 7 Cyc. Fed. Proc. secs. 25.598–25.600 (3ra ed. 1951). Y la enmienda a la regla no afecta las limitaciones expuestas en *Hickman* v. *Taylor,* 329 U.S. 495 (1947), en lo que se refiere al examen de documentos obtenidos en previsión de un pleito o en la preparación para el juicio."

Para un interesante comentario sobre la suerte que corrieron las enmiendas propuestas a las Reglas 33 y 34 Federales, incorporadas en las 30 y 31 de Puerto Rico, véase, Tolman, *Discovery under the Federal Rules: Production of Documents and the Work Product of the Lawyer,* 58 Colum. L. Rev. 498 (1958). Véanse también Nordbye, *Comments on Proposed Amendments to Rules of Civil Procedure for the United States District Courts,* 18 F.R.D. 105, 114 (1956); Groce, *Amendments to the Federal Rules of Civil Procedure as Proposed by the Supreme Court Advisory Committee,* 23 Ins. Counsel J. 7 (1956).

Es interesante notar que en las enmiendas adoptadas en 1966 por el Tribunal Supremo Federal, aunque se revisan las Reglas 33 y 34, no se incluyeron las del proyecto de 1954. Moore's *Rules Pamphlet with Comments,* 1966, págs. 742–751.

*23.2*". Como hemos resuelto, la indicación de lo que la parte se propone establecer con el testimonio de cada testigo está fuera del alcance de los interrogatorios. *Cleminshaw* v. *Beech Aircraft Corporation*, 21 F.R.D. 300 (Del. 1957), Nota en 72 Harv. L. Rev. 560 (1957). Procedía que se relevara al recurrente de contestar sobre el particular aun cuando no se hubiese interpuesto la objeción en tiempo. *Sierra* v. *Tribunal Superior*, 81 D.P.R. 554 (1959).

2. El requerimiento para admisiones de hechos y de la autenticidad de documentos que provee la Regla 33 (⁶)

---

(⁶) El texto de la vigente Regla 33 es como sigue:
"33.1 Requerimiento de admisión

"Después de iniciarse un pleito, una parte podrá requerir por escrito a cualquier otra parte que admita la autenticidad de cualesquiera documentos pertinentes descritos en y producidos con el requerimiento, o que admita la veracidad de cualesquiera hechos pertinentes expuestos en el requerimiento. Si un demandante desea notificar un requerimiento de admisión dentro de 10 días después de iniciarse el pleito, será necesario obtener permiso del tribunal, el cual podrá ser concedido con o sin notificación a la parte contraria. Se notificarán copias de los documentos juntamente con el requerimiento a menos que hubieren sido ya suministradas. Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de un plazo designado en el requerimiento, que no será menor de 10 días después de su notificación, o dentro del plazo menor o mayor que el tribunal concediere mediante moción y notificación, la parte a quien va dirigido el requerimiento notifique y entregue a la parte que requiere la admisión, ya sea (1) una declaración jurada negando específicamente las cuestiones sobre las cuales se requiere una admisión, o expresando detalladamente las razones por las cuales dicha parte no puede, ajustándose a la verdad, ni admitir ni negar dichas cuestiones; ó (2) objeciones por escrito fundadas en que algunas o todas las admisiones pedidas son privilegiadas o inmateriales o que el requerimiento es improcedente total o parcialmente por cualquier otro fundamento, conjuntamente con una notificación de una vista sobre dichas objeciones en la fecha más próxima factible. Si se hacen objeciones por escrito a una parte del requerimiento, el resto será contestado dentro del plazo señalado en el mismo. Toda negación deberá responder cabalmente a la sustancia de la admisión requerida y cuando la buena fe exija que se niegue solamente una parte o una cuestión sobre la cual se requiere una admisión, deberá especificarse lo que sea cierto y negarse solamente el resto. Si se rechazare el requerimiento de admisión debido a la falta de información o conocimiento de la parte requerida, ésta deberá demostrar, además en su declaración jurada,

es el mecanismo típico para lograr uno de los objetivos que persiguen los procedimientos anteriores al juicio provistos en el procedimiento civil: proporcionar un cuadro claro de las cuestiones en controversia entre las partes. Estrictamente hablando no constituye un instrumento para la investigación y descubrimiento de prueba; su función es más bien definir y limitar la controversia desde el punto de vista del proponente, logrando admisiones que pueden usualmente evadirse al contestar las alegaciones o interrogatorios o las preguntas formuladas en el curso de una deposición. Ello es así porque el proponente tiene la importante iniciativa de formular el requerimiento en la forma que estime conveniente y necesaria y corresponde estrictamente al requerido admitir, negar o admitir parcialmente. En los otros procedimientos la mera formulación de la pregunta no tiene el efecto de limitar la controversia pues necesariamente depende de la contestación que se ofrezca. Precisamente es éste el procedimiento adecuado para evitar las respuestas evasivas y ambiguas. Para una exposición completa de los alcances de esta regla, véanse, Finman, *The Request for Admissions in*

---

que no cuenta con los medios razonables para obtener dicha información o adquirir dicho conocimiento.

"33.2. Efecto de la admisión

"Cualquier admisión por una parte de acuerdo con dicho requerimiento sólo surtirá efecto a los fines del pleito pendiente y no constituirá una admisión de dicha parte para ningún otro fin, ni podrá ser usada contra ella en ningún otro procedimiento."

Este texto es idéntico al de la Regla 36 federal, con la excepción de que incorporamos la última oración de la parte (1) sobre negativas basadas en información y creencia. Esta adición fue propuesta por el Comité Consultivo federal en 1954, *op. cit.*, pág. 36, pero no fue aprobada. Tampoco fue aceptada en la revisión de 1966.

La nota explicativa del comité leía:

"Algunas decisiones han sostenido que no debe requerirse a una parte para que admita o niegue hechos que no se encuentran dentro de su conocimiento, aunque los medios para adquirirlo están fácilmente disponibles. [Citas]. La posición más correcta, consistente con el propósito de la Regla 36, ha sido que ello puede requerirse si la información está razonablemente accesible. [Citas]. La enmienda sigue estos últimos casos."

*Federal Civil Procedure,* 71 Yale L.J. 371 (1962); Notas en 74 Harv. L. Rev. 940, 968–970 (1961), 16 Rocky Mt. L. Rev. 167 (1944) y 29 Calif. L. Rev. 783 (1941).

Como la parte recurrente no interpuso reparo alguno de impropiedad al contenido y a la redacción de los requerimientos[7] no es necesario que consideremos este aspecto de la cuestión. Réstanos determinar si a la luz de las contestaciones ofrecidas pueden entenderse admitidos los siguientes hechos, en adición a las admisiones expresas hechas en la contestación a los requerimientos, según resolvió el tribunal a quo:[8]

(1) el cheque por $575 expedido por el demandante y pagadero a la orden de "cash" fue entregado en garantía en relación con una transacción sobre un automóvil y cuyo cheque representaba una deuda al demandado de $500 más $75 de intereses.

(2) el demandado sabía en el momento de entregarse el cheque que el mismo no tenía fondos y que se le entregaba únicamente como garantía a los fines de representar dicha deuda.

(3) el demandado sabía específicamente que el demandante no tenía intención alguna de defraudarle, ni tampoco

---

[7] La propia regla limita los reparos que pueden oponerse en los requerimientos a que la admisión requerida es ·(a) privilegiada, (b) impertinente a la controversia, y (c) impropia, en todo o en parte. Bajo esta última denominación de impropiedad se han levantado las objeciones de que i) la admisión sería inadmisible bajo una regla de exclusión de evidencia, ii) la materia envuelta en el requerimiento es objeto de controversia, iii) el requerimiento intenta cubrir "todo el caso", iv) la admisión requerida envuelve una cuestión de opinión o de derecho, en lugar de una cuestión de hecho. Moore, *op. cit.,* § 36.06.

[8] Como buena y aceptada práctica los requerimientos deben referirse a un solo asunto, estar redactados en forma sencilla, evitar la formulación en forma argumentativa y la repetición. La ímproba labor del tribunal a quo separando pacientemente los hechos de los distintos requerimientos, que sustancialmente seguimos en esta opinión, revela *cuánto* se apartó la parte proponente de las normas mínimas enunciadas.

a ninguna otra persona, toda vez que el demandado recibió el vehículo, con lo que quedó liberada la garantía representada por dicho cheque.

(4) en la declaración prestada en el proceso criminal el demandado prestó testimonio conforme a los hechos expuestos en los tres párrafos anteriores.

(5) la declaración del demandado fue la única prueba ofrecida en la causa criminal contra el demandante.

(6) el demandado compareció ante un magistrado el 22 de julio de 1964 y ofreció una versión sustancialmente igual a los hechos que como constitutivos de delito público se expusieron en la denuncia.

(7) la determinación de causa probable estuvo basada en la referida declaración prestada por el demandado el 22 de julio de 1964.

(8) como consecuencia de la denuncia formulada el demandado fue arrestado y se vio obligado a prestar fianza.

Si bien la negativa en cuanto a los tres primeros hechos—"por no ser totalmente correctos"—puede, por ser vaga e imprecisa, conducir a que se tengan por admitidos, no puede leerse esa contestación aisladamente y desvincularla de la ofrecida en cuanto al requerimiento núm. 4, en la cual específicamente el demandado negó en sustancia que el cheque expedido no tuviera fondos y que se hubiera entregado en relación "con transacción alguna" sobre un automóvil. De la contestación misma surge que no hay admisión de los hechos apuntados. Pero hay más. En la misma fecha en que se contestó el requerimiento, el demandado contestó un interrogatorio en el cual señala el concepto para la entrega del cheque en esta forma:

"1. Allá para el mes de julio de 1963 el demandante Juan Cosme Torres me entregó un cheque post-fechado agosto 17 de 1963 por la suma de $575.00, para que yo se lo cambiara por dinero en efectivo, lo que hice; y para garantizar el pago del

referido cheque a la fecha de su presentación al cobro me entregó un automóvil marca Chevrolet, el cual estaba registrado en Obras Públicas a nombre de otra persona, pero el señor Cosme me aseguró que era de su propiedad. Después de agosto 17 de 1963 personalmente presenté el cheque al cobro a la ventanilla del Banco de Ponce en la Plaza de las Delicias de Ponce, negándose el banco a honrar el referido cheque por falta de fondos. Me comuniqué con el señor Cosme inmediatamente después solicitándole el importe de su cheque y éste se negó, ofreciéndome a su vez la entrega definitiva del vehículo que me había entregado en garantía del cheque, comprometiéndose a traspasarme la licencia del mismo. Pasó el tiempo sin que el señor Cosme me entregara el importe del cheque o me traspasara la licencia del vehículo. Días más tarde el vehículo fue reposeído por el Sr. Santiago Rodríguez, quien lo fue a buscar por instrucciones del verdadero dueño del carro. Ante esa situación accedí a entregar el automóvil y nuevamente requerí al señor Cosme el importe del cheque, esta vez a través de una agencia de cobros en Ponce. Estas gestiones también fueron infructuosas, a pesar de que el señor Cosme en distintas ocasiones prometió que para fechas subsiguientes él depositaría fondos suficientes en el Banco de Ponce para cubrir el importe del cheque."

■ En estas circunstancias, el demandante no puede sostener, a menos que intente valerse de una interpretación estricta y literal, que los hechos que son la base de toda la controversia entre las partes han sido admitidos. Cf. *Kasar* v. *Miller Printing Machinery Company*, 36 F.R.D. 200 (1964); *Lant* v. *New York Central Railroad Company*, 37 F.R.D. 69 (1963); *Peck* v. *Clesi*, 37 F.R.D. 11 (1963); *Pittsburgh Hotels Ass'n* v. *Urban Redevelop. Auth.*, 29 F.R.D. 512 (1962).

■ En vista de las contestaciones del recurrente, los hechos expuestos en los párrafos 4 a 8 fueron admitidos. A este respecto vale la pena indicar que, en términos generales, los tribunales han permitido a una parte retirar admisiones cuando ésta ha actuado diligentemente, el efecto de la admisión es suprimir la verdad y ello no causa perjuicio.

Se ha reconocido que la parte afectada debe proceder mediante moción. Es muy importante determinar las dificultades de prueba con que se enfrentará la parte que obtuvo la admisión en caso de que se autorice retirarla y esclarecer las razones que justifican el cambio de posición respecto a la admisión. *Nicholson* v. *Bailey,* 182 F.Supp. 509 (Fla. 1960); *United States* v. *Whimbley,* 125 F.Supp. 691 (Ark. 1954); *United States* v. *Lemons,* 125 F.Supp. 686 (Ark. 1954). Para no debilitar el valor de la Regla 31 se impone un criterio juicioso en el ejercicio de esta discreción. La manida frase de "en bien de la justicia", sin más, no debe considerarse suficiente.

*En virtud de lo expuesto se dejará sin efecto la resolución dictada por el Tribunal Superior, Sala de Ponce, en 15 de abril de 1966, mediante la cual se ordenaba al recurrente a divulgar el contenido del testimonio de los testigos que se propone usar en el acto del juicio, y se modifica la otra resolución de la misma fecha para dejar sin efecto la determinación de que se entienden admitidos los hechos 1 a 3 expuestos en esta opinión, y así modificada, se confirmará.*