EULALIO MENÉNDEZ GARCÍA, h/n/c MANATÍ MEMORIAL, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE BAYAMÓN, HON. JUEZ AGUSTÍN MANGUAL HERNÁNDEZ, demandado; A. G. SOLAR & CO., interventora.

*Número*: O-73-43    *Resuelto*: 28 de septiembre de 1973

*Vidal & Davison,* abogados de los peticionarios; *Reinaldo Paniagua Diez, Orlin P. Goble,* abogados de la interventora.

PER CURIAM: En un pleito civil pendiente ante el Tribunal Superior, Sala de Bayamón, en el cual se plantea una controversia sobre el precio, términos de pago y otras condiciones de un contrato de compraventa sobre un coche fúnebre denominado "Cadillac Landau Funeral Car", la vendedora A. G.

Solar & Co., Inc., demandada en dicho pleito, cursó un requerimiento de admisión de hechos dirigido al demandante, aquí peticionario, requiriéndole que admitiera ciertos hechos, que huelga reseñar, "bajo juramento y de acuerdo con las Reglas de Procedimiento Civil vigentes."

El requerimiento de la demandada, fechado el 20 de octubre de 1972, no señaló un plazo para contestarlo. Trascurridos veintiún días, el 10 de noviembre la demandada proponente envió al tribunal una moción solicitando imposición de sanciones contra el demandante por no haber éste contestado dicho requerimiento ni solicitado prórroga para así hacerlo. La moción solicitando sanciones fue radicada en la secretaría del tribunal el 14 de noviembre. Pero ya un día antes el demandante había radicado su contestación al requerimiento de la otra parte.

El 7 de diciembre el juez recurrido dictó en cámara una orden en relación con la moción de sanciones radicada por la demandada A. G. Solar que por su perentoria brevedad la transcribimos seguida:

"Se da por admitida por el demandante lo requerido por la demandada A. G. Solar."

Esta orden fue notificada a las partes el 14 de diciembre. Solicitada su reconsideración cuatro días después, fue declarada sin lugar. A solicitud del demandante, expedimos auto de *certiorari* para revisar.

■ El requerimiento de admisión de hechos y de la autenticidad de documentos que autoriza la Regla 33 vigente es una de las medidas de más utilidad en el procedimiento anterior al juicio, pues persigue el propósito de definir y limitar la controversia eliminando toda cuestión no debatible de buena fe; expedita el proceso y propende a lograr una solución justa y económica del litigio. Ya en *Rosado* v. *Tribunal Superior*, 94 D.P.R. 122, 132–134 (1967), tuvimos ocasión de reseñar los

objetivos básicos de este mecanismo procesal. La utilidad de la medida es evidente. Dispone en lo pertinente:

"[T]todas las cuestiones sobre las cuales se solicite una admisión *se tendrán por admitidas, a menos que dentro de un plazo designado en el, requerimiento,* que no será menor de 10 días después de su notificación, o dentro del plazo menor o mayor que el tribunal concediere mediante moción y notificación, la parte a quien va dirigido el requerimiento notifique y entregue a la parte que requiere la admisión, ya sea. . . ." (Bastardillas nuestras.)

■ Los efectos de no formular una contestación al requerimiento bajo la Regla 33 en vigor pueden ser desastrosos para la parte requerida, quien se coloca prácticamente en la situación de una parte en rebeldía con respecto a las admisiones requeridas por el proponente, viéndose impedido, normalmente, de refutarlas. En la administración de esta medida, los jueces debemos ofrecerle el máximo de eficacia cónsono con la letra y propósito de la regla reduciendo al mímino la posibilidad de perjuicio a las partes. Véase *Rosado* v. *Tribunal Superior* (ante, a las págs. 136–137).

■ En el caso de autos, la demandada proponente no fijó un plazo al demandante para contestar el requerimiento, designación ésta que debe aparecer claramente del escrito original o de uno posterior suplementario si es que se interesa el beneficio de una admisión automática por la falta de la parte requerida en contestar.([1]) Erró, pues, el juez recurrido al dar por admitidos los hechos expuestos en el requerimiento de la demandada.

*Se revocará y dejará sin efecto la resolución objeto de este recurso, y se devolverán los autos a la sala de instancia para la continuación de los procedimientos.*

--------

([1]) Uno de los cambios que sufrió la Regla 36 federal, equivalente a nuestra Regla 33, en el año 1970 fue el relativo al término para contestar el requerimiento. El plazo no es designado por la parte proponente como era antes, sino en la propia regla: treinta días de la notificación, o dentro del plazo menor o mayor que el tribunal concediere, excepto en el caso del

---

demandado, a quien se le fija un plazo de cuarenta y cinco días a partir del diligenciamiento de la demanda y el emplazamiento. Véase Moore's *Federal Practice,* Vol. 4A, Cap. 36, pág. 36–1.