# 2009 DTA 101

## TRIBUNAL DE APELACIONES
## REGIÓN JUDICIAL DE PONCE

IDALY PÉREZ GUTIÉRREZ Y OTROS
Demandantes-Recurridos

v.

PUERTO RICO TELEPHONE COMPANY, INC.
Demandada-Peticionaria

Núm. KLCE-2008-01738

San Juan, Puerto Rico, a 8 de julio de 2009

Panel integrado por su Presidente, el Juez López Feliciano,
y los Jueces Hernández Serrano y Rosario Villanueva

López Feliciano, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece la Puerto Rico Telephone Company (PRTC) y nos solicita que revoquemos una resolución emitida el 10 de septiembre de 2008 por la Sala de Ponce del Tribunal de Primera Instancia (TPI), en la que, con relación a una solicitud de orden protectora al amparo de la Regla 23.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 23.2, que presentó la PRTC, dicho foro determinó que en el descubrimiento de prueba setenta y cuatro (74) documentos estaban protegidos por el privilegio abogado-cliente y autorizó la entrega del remanente de los mismos a los recurridos. Además, le ordenó a la PRTC el pago de quinientos dólares ($500.00) como sanción, a tenor con las disposiciones de la Regla 34.1(d) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 34.1 (d).

### I

Los hechos e incidentes procesales que originaron el presente recurso pueden resumirse de la siguiente forma:

"Idaly Pérez Gutiérrez (Pérez Gutiérrez), por sí y en representación de sus hijos menores JEVP y MMVP, presentó el 14 de febrero de 2005 una solicitud de entredicho provisional contra la PRTC. En síntesis, alegó que para enero de 2005, mientras laboraba como oficial de administración en las oficinas de la PRTC en la ciudad de Ponce, donde reside, se le trasladó de manera arbitraria, caprichosa y discriminatoria a trabajar a las oficinas

ubicadas en San Juan. Adujo que por motivo del traslado y los continuos viajes en automóvil se agravó una condición médica preexistente en su espalda y se afectó seriamente su condición emocional. Por ende, solicitó que se emitiera una orden de entredicho provisional para que se le mantuviera en su puesto de trabajo original en las oficinas ubicadas en Ponce hasta tanto se resolviera la controversia. Además, reclamó indemnización por daños y perjuicios alegadamente sufridos.

Luego de múltiples incidentes procesales, que no es pertinente pormenorizar, el 7 de mayo de 2007 comenzó la celebración del juicio. Durante el mismo se suscitó una controversia con relación al contenido del expediente de personal de Pérez Gutiérrez en la PRTC, del cual el TPI había ordenado previamente que se trajera a la vista en los méritos el original, pero la PRTC sólo se presentó con una copia certificada.

Lo anterior provocó que los recurridos solicitaran la citación del custodio de dicho expediente en la PRTC para que declarara bajo juramento sobre su contenido y autenticidad. Del testimonio de ese empleado se desprendió que la copia certificada del expediente personal presentada por la PRTC estaba incompleta y que existían otros documentos que no se acompañaron por estar contenidos en otro tipo de expedientes que se mantenían con relación a Pérez Gutiérrez y que no habían sido entregados durante el descubrimiento de prueba.

Al percatarse de lo anterior, los recurridos solicitaron que se les proveyera copia de todos y cada uno de los documentos o expedientes relacionados a Pérez Gutiérrez en poder de la PRTC. [1] PRTC se opuso alegando que la petición de los recurridos era tardía y que los documentos solicitados eran impertinentes a la controversia del caso.

Atendidas varias mociones de las partes en apoyo a sus respectivas posiciones, el 24 de mayo de 2007, el TPI emitió una resolución en la que, debido a la etapa procesal en que se encontraba el caso, declaró sin lugar la solicitud de producción de documentos de los recurridos, con la única excepción de los expedientes conocidos como "Employee Personnel and Absent System" y "Training Employee Development System", por considerar que eran parte integral del expediente oficial de personal de Pérez Gutiérrez.

Inconformes con dicha determinación, los recurridos presentaron una petición de *certiorari* ante este Tribunal de Apelaciones. [2] En sentencia emitida el 31 de enero de 2008, otro Panel de este foro apelativo revocó el dictamen del TPI al concluir que fue durante el juicio cuando salió a relucir que no todos los documentos relacionados con Pérez Gutiérrez estaban incluidos en su expediente de personal. Por tanto, determinó que "era obligación del patrono entregar cualquier expediente o documento en su poder relacionado con esta empleada en el marco de sus relaciones obrero-patronales, especialmente cuando el pedido de la empleada fue abarcador. Recuérdese que ésta solicitó '[t]odo lo que tenga que ver con nuestra cliente que esté en posesión de la Puerto Rico Telephone Company, como quieran llamarlo...'". En cuanto a las alegaciones sobre la pertinencia de los documentos formuladas por la PRTC, concluyó que fueron genéricas, por lo que procedía inclinar la balanza a favor de permitir el descubrimiento solicitado.

Así las cosas, y en atención a la sentencia emitida por este foro, el 20 de febrero de 2008, la PRTC presentó ante el TPI una moción solicitando que se emitiera una orden estableciendo la manera y el lugar en que se realizaría la inspección y reproducción de los expedientes de Pérez Gutiérrez. Los recurridos, por su parte, le solicitaron al TPI que le ordenara a la PRTC la entrega de copia de todos los expedientes de Pérez Gutiérrez, independientemente de su denominación, y que se trajeran los originales ante el tribunal para constatar que no faltara ningún documento.

En ausencia de un pronunciamiento del TPI, el 25 de marzo de 2008, los recurridos presentaron una "Moción Urgente Solicitando Remedio Adecuado", en la que denunciaron que no se le habían entregado los expedientes, según lo ordenó la sentencia emitida por este Tribunal de Apelaciones, por lo que solicitaron que se ordenara a la PRTC entregar con carácter de urgencia los mismos. El TPI, en orden emitida el 26 de marzo

de 2008, le concedió un término de quince (15) días a la PRTC para cumplir con lo ordenado en la referida sentencia.

El 28 de marzo de 2008, la PRTC presentó una "Moción en Solicitud de Orden Protectora al Amparo de la Regla 23.2 de Procedimiento Civil", en la que por primera vez levantó el argumento de que los expedientes solicitados contenían comunicaciones protegidas bajo el privilegio abogado-cliente, por lo que le solicitaron al TPI que le relevara de presentar aquellos documentos que fueran privilegiados.

Los recurridos replicaron aduciendo que se trataba de una táctica dilatoria y que procedía entregar la totalidad de los expedientes. **En respuesta, la PRTC planteó que la razón por la cual no había levantado el argumento de los documentos privilegiados hasta ese momento era porque, con anterioridad a que el Tribunal de Apelaciones ordenara su producción, las abogadas de la compañía no habían revisado los expedientes, dado a que en un principio su única alegación era que se trataba de unos documentos que no eran pertinentes a la controversia.**

Celebrada una vista para dilucidar los planteamientos de las partes, el TPI dispuso que, por razón de la etapa procesal en la que se encontraba el caso, lo más conveniente era que la PRTC desglosara en un sobre sellado todos aquellos documentos que entendía que eran privilegiados para evaluación por el tribunal. Además, le advirtió a la PRTC que si finalmente determinaba que se trataba de documentos no privilegiados, y que el planteamiento se hizo con la intención de obstaculizar e incumplir con la orden del Tribunal de Apelaciones, consideraría la imposición de sanciones.

Finalmente, el 10 de septiembre de 2008, el TPI emitió resolución en la que determinó que sólo setenta y cuatro (74) de los documentos estaban amparados por el privilegio de abogado-cliente, por lo que procedía entregar el resto; y, además, le impuso a la PRTC el pago de quinientos dólares ($500.00) como sanción, a tenor con lo dispuesto en la Regla 34.1(d) de Procedimiento Civil, *supra*. En su resolución, el TPI consignó las siguientes expresiones:

"**Ante el planteamiento de la parte demandada, como condición previa al reconocimiento del privilegio abogado-cliente sobre las alegadas comunicaciones privilegiadas que constan en esos expedientes y para poder dictaminar si cierta información fue adquirida en confidencia, este tribunal ha evaluado y ponderado el tipo de documento en cuestión, tales como correos electrónicos y memorandos internos que se utilizan para los trámites usuales de la empresa, el tipo de información e inclusive la propia naturaleza de la información. En fin, se ha realizado un análisis de la totalidad de las circunstancias que rodean la comunicación y su propia naturaleza.**

....

**De esta manera concluimos que solo (sic) pueden ser considerados privilegiados los documentos que son comunicaciones realizadas entre las abogadas de la parte demandada con los empleados de estos (sic) en el transcurso del manejo de este caso, antes y durante la tramitación del mismo. Además, de que dichas comunicaciones fueron hechas en la confianza (sic) de las mismas se mantendrán confidenciales y con el fin de realizar una gestión de representación legal por parte de un abogado y que contienen estrategias u opinión legal. No podemos concluir que las abogadas renunciaron al privilegio por el hecho de que las comunicaciones se archivaran en los expedientes, ya que dicha comunicación es ajena a éstas. Por tanto, concluimos que se cumplen, pues, los criterios señalados para la aplicación del privilegio abogado-cliente, sólo a los documentos que contienen una estrategia legal; por lo que los mismos no están sujetos a descubrimiento por la parte demandante.**

**Ante lo expuesto, este Tribunal, en aras de proteger tanto el derecho de la parte demandante de tener**

disponible previo al inicio del Juicio en su fondo toda aquella prueba pertinente al presente caso; así como para salvaguardar la confidencialidad de las comunicaciones privilegiadas, concluye que las comunicaciones entre los abogados de la parte demandante (sic) y los empleados de la PRTC estan (sic) fuera del alcance del descubrimiento de prueba por ser documentos que contienen conclusiones, opiniones y teorías legales. No obstante, advertimos que aunque la solicitud de orden protectora es tardía, nuestro estado de derecho es claro y la representación legal de (sic) parte demandada no viene obligada a divulgar a la parte demandante aquellos documentos que contengan opiniones legales, teorías o estrategias. A su vez, advertimos que dichos documentos son la minoría, ya que <u>la mayoría de los documentos que eran alegadamente privilegiados son cartas de trámite ordinarias en el manejo de un caso, correos electrónicos entre empleados y hasta cartas enviadas por la propia demandante o a ésta, Actas del Tribunal y documentos de descubrimiento de prueba, que no pueden de forma alguna describirse como una comunicación privilegiada o producto del trabajo de las abogadas (work product).</u>

<u>Por otro lado, concluimos que no podemos considerar como documentos privilegiados bajo el privilegio de abogado cliente documentos enviados por correo electrónico entre empleados por el sólo hecho de que se le envio (sic) en algun (sic) momento a los abogados de la parte demandada.</u> Estos documentos son precisamente lo que el demandado ha denominado "Expediente de Asuntos Laborales del Empleado". En consecuencia, concluimos que proteger estos documentos conllevaría no entregar el expediente que fue ordenado entregar por el Tribunal de Apelaciones, Sentencia que es final y firme. Por tanto, solo (sic) podemos proteger las comunicaciones de los abogados.

No obstante, advertimos que esta Juez tuvo que evaluar un total de 340 documentos, en su gran mayoría correos electronicos (sic); varios enviados y contestados el mismo dia (sic), asi (sic) como muchos documentos repetidos, lo cual hizo mucho mas (sic) difícil nuestra funcion (sic). Ante ello, hemos hecho un esfuerzo en ánimos de identificar con la mayor precisión posible los documentos que deben ser protegidos por ser privilegiados para que la parte demandante tenga la certeza de que (sic) documentos no han sido considerados privilegiados y, en consecuencia, tiene derecho a examinarlas y que le entreguen copia." (Énfasis suplido).

Luego de enumerar de manera específica y precisa los setenta y cuatro (74) documentos que encontró protegidos dentro del privilegio abogado-cliente, el TPI concluyó su resolución de la siguiente manera:

"Resolvemos además que procede, tomando en consideración la conducta de la parte demandada al aguardar a la Sentencia del Tribunal de Apelaciones para posteriormente invocar en esta etapa procesal del caso, el privilegio abogado-cliente, sobre comunicaciones en esos expedientes, la imposición del pago de honorarios de abogado. Ciertamente, el desempeño de la parte demandada describe lo que nuestro ordenamiento procesal denomina como actuaciones de una parte que provocan la indebida prolongación de la solución judicial del caso, ante la negativa u obstaculización injustificada al proceso de descubrimiento de prueba para el procesamiento rápido y económico de las controversias.

De conformidad con la normativa antes expuesta y en atención a los hechos particulares del caso e incidencias procesales del mismo, procede al amparo de la Regla 34.1(d) de Procedimiento Civil de Puerto Rico, condenar a la parte demandada al pago de honorarios de abogado a favor de la parte demandante. Ante ello le imponemos la suma de $500.00 la cual debe ser satisfecha en un plazo de diez (10) días desde la notificación de la presente Resolución." (Citas omitidas).

Inconforme con esta resolución, la PRTC recurrió ante este Tribunal de Apelaciones mediante petición de *certiorari* presentada el 5 de diciembre de 2008. En esa misma fecha presentó una "Moción Urgente en Auxilio de Jurisdicción al Amparo de la Regla 79(A) del Reglamento del Tribunal de Apelaciones", la cual denegamos por no haber incluido los documentos necesarios para acreditar nuestra jurisdicción. Presentados los referidos

documentos, el 8 de diciembre de 2008 nos reafirmamos en nuestra negativa a ordenar la paralización de los procedimientos ante el TPI.

El 12 de diciembre de 2008, la PRTC compareció mediante "Moción Informativa y en Solicitud de Enmienda a Remedio Solicitado en la Petición de *Certiorari*". En la misma nos informó que el TPI había accedido a paralizar toda entrega de documentos hasta tanto este Tribunal se expresara sobre los méritos de la petición de *certiorari*. En virtud de lo anterior, solicitó enmendar el remedio solicitado a los efectos de que se revoque la resolución recurrida; se determine que todos los documentos sobre los cuales la PRTC solicitó una orden protectora son privilegiados; y se ordene que los mismos no puedan entregarse a los recurridos. [3]

En esa fecha, la PRTC solicitó, además, que ordenáramos la elevación de los documentos en controversia por ser fundamentales para una disposición adecuada del recurso. Luego de concederle oportunidad a ambas partes para expresarse sobre lo solicitado, en resolución del 27 de abril de 2009 le ordenamos al TPI elevar los referidos documentos.

Examinado y analizado el recurso de *certiorari* presentado y con el beneficio de los alegatos de las partes, así como de los documentos en controversia, elevados por el TPI para nuestra consideración, estamos en posición de disponer del mismo, lo que a continuación hacemos.

## II

La PRTC hace el siguiente señalamiento de errores en el dictamen del TPI:

**"Erró el Tribunal de Primera Instancia al no conceder la solicitud de orden protectora de PRTC sobre la totalidad de los documentos señalados como privilegiados.**

**Erró el Tribunal de Primera Instancia al imponer una sanción a PRTC por la cantidad de quinientos dólares ($500.00) al amparo de la Regla 34.1(D) de las de Procedimiento Civil."**

En cuanto al primer error, la PRTC alega que los documentos que el TPI concluyó que no eran privilegiados y de los cuales se ordenó su entrega a la parte recurrida, debieron considerarse cobijados por el privilegio abogado-cliente, pues están relacionados con la obtención de información para el desarrollo de la estrategia legal del caso o para ofrecer asesoramiento legal. Solicitan como remedio que se determine que todos los documentos sobre los cuales se solicitó una orden protectora son privilegiados y que se prohíba su entrega a los recurridos.

En cuanto al segundo error, la PRTC basa el mismo en que su invocación del privilegio no fue tardía, según concluyó el TPI, toda vez que el planteamiento se hizo tan pronto como las abogadas que representan a la PRTC advinieron en conocimiento de la existencia de los documentos confidenciales. Por tanto, solicitan que se elimine la sanción de quinientos dólares ($500.00) impuesta por el TPI.

Por su parte, los recurridos plantean que el reclamo de la PRTC es un subterfugio para impedir el descubrimiento de la verdad y una táctica para convertir el litigio en uno largo y costoso.

## III

Antes de exponer nuestra posición sobre las cuestiones planteadas, debemos examinar la normativa que a nuestro juicio es aplicable al asunto en controversia.

### A

La Regla 23.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 23.1, delinea el alcance del descubrimiento de prueba en casos civiles. De este modo, dispone en su parte pertinente lo siguiente:

"Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.

... [U]na parte podrá hacer descubrimiento de documentos y objetos que, con anterioridad al pleito o para el juicio, hayan sido preparados por o para otra parte, o por o para el representante de dicha parte, incluyendo su abogado, consultor, fiador, asegurador o agente. Estarán fuera del alcance del descubrimiento las impresiones mentales, conclusiones, opiniones o teorías legales sobre el caso, del abogado o de cualquier otro representante de una parte."

La regla establece una tónica liberal y amplia en cuanto a la utilización del descubrimiento, pues basta que exista una posibilidad razonable de relación con el asunto en controversia para que una materia pueda ser objeto de descubrimiento de prueba. *Berríos Falcón v. Torres Merced*, 175 D.P.R. __ (2009), **2009 J.T.S. 72**; *Rodríguez v. Syntex*, 160 D.P.R. 364 (2003); *Alfonso Brú v. Trane Export, Inc.*, 155 D.P.R. 158 (2001); *Aponte v. Sears Roebuck de Puerto Rico*, 129 D.P.R. 1042 (1992); *General Electric v. Concessionaires, Inc.*, 118 D.P.R. 32 (1986); *Lluch v. España Service Sta.*, 117 D.P.R. 729 (1986). Además, es evidente que el concepto de pertinencia en el descubrimiento de prueba es más abarcador que el relacionado con las Reglas de Evidencia. *Rodríguez v. Scotiabank de P.R.*, 113 D.P.R. 210, 212-213 (1982). Ciertamente, la liberalidad de nuestro sistema de descubrimiento de prueba propende a acelerar los procedimientos, favorecer las transacciones y a evitar sorpresas en el juicio. *Lluch v. España Service Sta., supra.*

De otra parte, nuestro ordenamiento procesal también concede amplia discreción al tribunal de instancia para reglamentar el descubrimiento de prueba, pues la Regla 23.1, *supra*, establece contadas limitaciones al mismo, a saber: que la información objeto del descubrimiento no sea privilegiada y que ésta sea pertinente al asunto en controversia. *Medina v. Merk Sharp & Dohme*, 135 D.P.R. 716, 730-731 (1994), *Ortiz Rivera v. E.L.A., National Ins. Co.*, 125 D.P.R. 65, 70 (1989); *General Electric v. Concessionaires, Inc., supra*, págs. 38-39.

Una tercera limitación impide que se extienda el descubrimiento a impresiones mentales, conclusiones, opiniones o teorías legales sobre el caso, del abogado o de cualquier otro representante de una parte. Regla 23.1 (b) de Procedimiento Civil, *supra*. Según comenta el profesor Ernesto Chiesa, la doctrina del producto del trabajo del abogado, o el llamado "work product", impide que sean objeto de descubrimiento de prueba "las impresiones mentales, teorías legales y estrategias reunidas o diseñadas por el abogado, derivadas de entrevistas, declaraciones, memorandos, correspondencia, investigaciones, creencias personales y otros medios tangibles o intangibles". Chiesa, E., *Tratado de Derecho Probatorio*, **Publicaciones JTS**, Tomo I, 1998, pág. 237; véase, además, *Ades v. Zalman*, 115 D.P.R. 514, 525, nota al calce 3 (1984); *Hickman v. Taylor*, 329 U.S. 495 (1947). [4]

Aunque nuestro sistema de descubrimiento de prueba es amplio y liberal, y como hemos visto con muy pocas limitaciones, la jurisprudencia ha establecido que no puede convertirse en desmedido e ilimitado. Por ello, los tribunales están facultados por las Reglas de Procedimiento Civil para controlar su alcance tomando en consideración, claro está, que la controversia se resuelva de una forma rápida, justa y económica. Véase Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 1; *Berríos Falcón v. Torres Merced, supra*. De este modo, al tribunal se le otorga la facultad de proteger a las partes u otras personas objeto del descubrimiento de hostigamiento, perturbación u opresión, así como de cualquier gasto o molestia indebida. *Chévere v. Levis*, 150 D.P.R. 525, 545 (2000); *Ortiz Rivera v. E.L.A., National Ins. Co., supra*, págs. 70-71. En estas instancias, el

tribunal podrá limitar el alcance y los mecanismos del descubrimiento de prueba a ser utilizados, de conformidad con la Regla 23.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 23.2; *General Electric v. Concessionaires, Inc., supra.*

La Regla 23.2, *supra*, autoriza al tribunal a ejercer su discreción mediante la concesión de medidas reguladoras del descubrimiento de prueba, entre las que se mencionan las siguientes:

**"(a) Que no se lleve a cabo el descubrimiento;**

**(b) que el descubrimiento se realice de conformidad con los términos y condiciones que se dispongan, incluyendo la designación de fecha y sitio;**

**(c) que se lleve a cabo el descubrimiento por un método diferente al seleccionado por la parte que lo interesa;**

**(d) que no se lleve a cabo el descubrimiento de ciertas materias o que se limite el alcance de las mismas;**

**(e) que se realice el descubrimiento en presencia de aquellas personas autorizadas para ello por el tribunal."**

La acción a tomar dependerá necesariamente de las circunstancias y de los intereses encontrados en cada situación particular. *Rodríguez v. Scotiabank de P.R., supra,* pág. 217.

**B**

En materia de descubrimiento de prueba, la determinación de si una comunicación está protegida por un privilegio le corresponde exclusivamente al tribunal, conforme la Regla 9(A) de Evidencia, 32 L.P.R.A. Ap. IV, R. 9. Cuando una de las partes invoca la aplicación de un privilegio a una comunicación, el tribunal debe examinar el documento antes de resolver si el mismo está protegido dentro de su ámbito. Esta es la situación cuando se trata del privilegio abogado-cliente. *U.S. v. Zolin,* 491 U.S. 554 (1989); *Haines v. Liggett Group, Inc.,* 975 F.2d 81, 96-97 (1992).

En lo referente al privilegio abogado-cliente, la Regla 25 de Evidencia, 32 L.P.R.A. Ap. IV, R. 25, establece que:

**"(A) Según usadas en esta regla, las siguientes expresiones tendrán el significado que a continuación se indica:**

**(1) Abogado. Persona autorizada o a quien el cliente razonablemente creyó autorizada a ejercer la profesión de abogado; incluye a la persona así autorizada y a sus asociados, asistentes y empleados de oficina.**

**(2) Cliente. Persona natural o jurídica que, directamente o a través de representante autorizado, consulta a un abogado con el propósito de contratarle o de obtener servicios legales o consejo en su capacidad profesional; incluye al incapaz que consulta él mismo a un abogado o cuyo tutor o encargado hace tal gestión con el abogado a nombre del incapaz.**

**(3) Comunicación confidencial. Aquella comunicación habida entre un abogado y su cliente en relación a alguna gestión profesional, basada en la confianza de que no será divulgada a terceras personas, salvo a aquellas que sea necesario para llevar a efecto los propósitos de la comunicación.**

**(B)** Sujeto a lo dispuesto en esta regla, el cliente, sea o no parte en el pleito o acción, tiene el privilegio de rehusar revelar, y de impedir que otro revele, una comunicación confidencial entre él y su abogado. El privilegio puede ser invocado no sólo por el poseedor del privilegio que es el cliente, sino también por una persona autorizada a invocarlo en beneficio de éste, o por el abogado a quien la comunicación fue hecha si lo invoca a nombre de y para beneficio del cliente.

**(C)** No existe privilegio bajo esta regla si:

**(1)** Los servicios del abogado fueron solicitados u obtenidos para permitir o ayudar a cualquier persona a cometer o planear la comisión de un delito, un acto torticero o un fraude.

**(2)** La comunicación es pertinente a una controversia entre los herederos del cliente ya fallecido, independientemente de que las reclamaciones provengan de un testamento o de sucesión intestada o de transacción entre vivos.

**(3)** La comunicación es pertinente a una controversia relativa a una violación por el abogado del cliente de un deber que surja de la relación abogado-cliente.

**(4)** La comunicación es pertinente a una controversia relativa a un documento en que intervino el abogado en calidad de notario.

**(5)** La comunicación es pertinente a una materia de común interés para dos o más clientes del abogado, en cuyo caso un cliente no puede invocar el privilegio contra los otros dos.

**(D)** Cuando dos o más personas se unen como clientes de un mismo abogado en cuanto a un asunto de interés común entre ellas, ninguna de ellas podrá renunciar al privilegio sin el consentimiento de las otras."

Las reglas que protegen las comunicaciones entre abogado y cliente tienen por objetivo fomentar la representación legal efectiva y promover la relación de confianza que debe existir entre el abogado y su cliente, de modo que la preparación para el juicio sea adecuada.

Al excluir del juicio y del descubrimiento de prueba las comunicaciones que hace el cliente a su abogado se propicia que el cliente le haga a éste un recuento fiel y exacto de los hechos y de las controversias por las cuales busca consejería legal. Precisamente, por esta aspiración es que el reconocimiento del privilegio se antepone usualmente a la norma que favorece un descubrimiento de prueba amplio. El poseedor del privilegio es el cliente y no el abogado, contrario a lo que sucede con la doctrina de "work product". Véase *The Attorney-Client Privilege and the Work-Product Doctrine,* 2nd ed., American Bar Association, 1989, págs. 1-3; S. Bradford, *Conflict of Laws and the Attorney-Client Privilege: A Territorial Solution,* 52 U. Ill. L. Rev. 909, 913-15 (1991).

Una comunicación debe estar protegida por el privilegio abogado-cliente si cumple con los siguientes cuatro requisitos:

**"1. la comunicación se hace dentro de un marco de expectativa de confidencialidad;**

**2. la confidencialidad es un elemento esencial en el mantenimiento de la relación entre las partes;**

**3. la relación es reconocida socialmente como merecedora de ser protegida; y**

**4. el menoscabo de la relación por el descubrimiento de las comunicaciones sería mayor que el beneficio que representaría su divulgación."** J. H. Wigmore, *Wigmore on Evidence,* Toronto, Little, Brow and Company, Vol. VIII, § 2285, pág. 527 (revisado por J. T. McNaughton, 1961); Chiesa, E., *supra,* págs. 218-219.

En síntesis, si una comunicación entre un abogado y un cliente cumple con estos cuatros criterios, ésta debe estar protegida por el privilegio abogado-cliente, ya que así se promueven los intereses tutelados por la regla de exclusión.

El mandato de interpretación restrictiva del alcance de los privilegios no significa que éstos deben interpretarse en contraposición a la política pública que los inspira. La confidencialidad de las comunicaciones entre el abogado y su cliente es la esencia de esta norma evidenciaria.

## C

La Regla 34.1 de Procedimiento Civil, *supra,* permite requerirle al tribunal que dicte una orden para obligar a la parte promovida a descubrir alguna prueba que se le hubiere solicitado, cuando ésta se haya negado a así hacerlo. En particular, su inciso (d) dispone en su parte pertinente lo siguiente:

**"Si se declarare con lugar la moción, el tribunal, después de dar a las partes la oportunidad de ser oídas, impondrá a la parte o al deponente que incumplió o a la parte o al abogado que hubiere aconsejado tal conducta, o a ambos, el pago a la parte promovente del importe de los gastos incurridos en la obtención de la orden, incluyendo honorarios de abogado, a menos que el tribunal determine que existía justificación válida para oponerse a la solicitud o que dentro de las circunstancias, el pago de los gastos resultaría injusto."**

Es decir, luego de dar oportunidad a las partes para expresarse al respecto y de convencerse que no existía una justificación válida, el tribunal tiene completa facultad para imponerle a la parte que se haya negado a descubrir cierta prueba los gastos en los que tuvo que incurrir la parte requirente para que se cumpliera con el descubrimiento, incluyendo los honorarios de abogado.

## D

La función de un tribunal apelativo en la revisión de controversias interlocutorias como la que nos ocupa, requiere que se determine si la actuación del TPI constituyó un abuso de la discreción en la conducción de los procedimientos ante sí. Al realizar tan delicada función, un tribunal apelativo no debe intervenir con el ejercicio de esa discreción, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial. *Meléndez v. Caribbean Int'l News,* 151 D.P.R. 649, 664 (2000); *Zorniak v. Cessna,* 132 D.P.R. 170 (1992); *Lluch v. España Service Sta., supra,* pág. 745; *Valencia, Ex Parte,* 116 D.P.R. 909, 913 (1986).

Ello está predicado en la premisa de que el foro apelativo no puede pretender administrar ni manejar el trámite regular de los casos ante el TPI.

Como la discreción está atada a la razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera, *Pueblo v. Sánchez González,* 90 D.P.R. 197 (1964), en la medida que el curso de acción de un tribunal en el ejercicio de su discreción para conducir los procedimientos sea irrazonable o poco sensato, en esa medida estará abusando de su discreción. De otro modo, no abusa de la discreción, si la medida que toma es razonable.

## IV

Enmarcados los hechos e incidentes procesales antes reseñados dentro de la normativa anteriormente expuesta, resolvemos.

En nuestro ordenamiento se permite un descubrimiento de prueba amplio y liberal, cuyas únicas limitaciones son que se trate de materia pertinente, no privilegiada y que no forme parte del "work product" del abogado o de un representante de una parte. Véase Regla 23.1 de Procedimiento Civil, *supra; Rodríguez y Otros v. Syntex, Inc., supra; Alfonso Brú v. Trane Export Inc., supra; Aponte v. Sears Roebuck de Puerto Rico, supra; General Electric v. Concessionaires, Inc., supra; Lluch v. España Service Sta., supra; Ades v. Zalman, supra; Rodríguez v. Scotiabank de P.R., supra.*

Una comunicación se considerará protegida por el privilegio abogado-cliente cuando se haga dentro de un marco de expectativa de confidencialidad y el menoscabo de la relación que resultaría de su descubrimiento sería mayor que el beneficio que representaría su divulgación. Véase J. H. Wigmore, *supra*, pág. 527; Chiesa, E., *supra*, págs. 218-219. Las Reglas de Evidencia imponen, además, un mandato de interpretación restrictiva al determinar si una comunicación está amparada por el privilegio. Véase Regla 35 de Evidencia, 32 L.P.R.A. Ap. IV, R. 35.

En el caso ante nuestra consideración, la controversia se origina con la solicitud de los recurridos para descubrir ciertos expedientes laborales relacionados a Pérez Gutiérrez y que se encontraban en poder de la PRTC. En un principio, la posición de la PRTC se limitó a que dichos expedientes eran impertinentes al asunto. Los recurridos se vieron forzados a recurrir a este Tribunal de Apelaciones para conseguir que se le ordenara a la PRTC la entrega de los referidos expedientes.

Al percatarse de que no se había cumplido con lo ordenado por este foro apelativo, los recurridos le solicitaron al TPI que le exigiera a la PRTC el cumplimiento con urgencia de la entrega de los expedientes. La PRTC sostiene que es cuando está preparando los expedientes para su entrega cuando se percata de que entre ellos se encuentran documentos cobijados por el privilegio abogado-cliente, por tratarse de comunicaciones con el propósito de recopilar información o preparar estrategias legales del caso. Es ahí cuando la PRTC le solicita al TPI una orden protectora para impedir el descubrimiento al amparo de la Regla 23.2 de Procedimiento Civil, *supra.*

Para evitar mayores dilaciones en la disposición del caso, el TPI entendió que el procedimiento más adecuado era que la PRTC le entregara en sobre sellado todos aquellos documentos que entendía que eran privilegiados, para así estudiarlos y tomar una determinación final al respecto. En ese momento, el TPI le advirtió a la PRTC que si al evaluar los documentos se percataba de que no se trataba de documentos privilegiados, se le impondría una sanción por negarse a su descubrimiento y dilatar los procedimientos.

De la resolución recurrida se desprende que el TPI realizó un estudio cuidadoso y detallado de todos los documentos antes de concluir finalmente que sólo. setenta y cuatro (74) de ellos podían considerarse privilegiados. [5] Cabe señalar que, contrario a lo que alega la PRTC, el motivo que tuvo el TPI para ordenar el descubrimiento del resto de los documentos no se debió a que la compañía renunciara al privilegio con sus actuaciones. El foro primario especificó en la resolución recurrida que al evaluar ponderadamente todos los documentos se percató de que la mayoría se trataba de comunicaciones que no podían de forma alguna describirse como una comunicación privilegiada o producto del trabajo de las abogadas de la PRTC. Es decir, el razonamiento del TPI no se basó en renuncia alguna por parte de la PRTC al privilegio, sino en que, luego de un estudio detallado de cada documento, dicho foro concluyó que se trataba de comunicaciones que no podían considerarse confidenciales, no estaban ni cerca de estar cobijados por el privilegio abogado-cliente, ni podían considerarse mucho menos como un producto del trabajo de las abogadas de la PRTC. [6]

En cuanto al planteamiento de que la sanción impuesta es improcedente, pues la aplicación del privilegio se levantó oportunamente, debemos puntualizar que en nuestra opinión es incompatible o contradictorio que la PRTC hubiera alegado en su oposición a la expedición del auto de *certiorari* en el recurso KLCE-2008-00981 que los documentos solicitados por los recurridos eran impertinentes a la controversia, mas, sin embargo, planteara posteriormente, cuando se va a dar cumplimiento a la sentencia emitida por este Tribunal de Apelaciones, que fue la primera vez que estudiaron los documentos y se percataron de que contenían unas comunicaciones alegadamente privilegiadas. [7]

Aun cuando el TPI concluyó en su resolución que la conducta de la PRTC no representó una renuncia al privilegio abogado-cliente con respecto a aquellos limitados documentos que sí consideró privilegiados, ya la PRTC estaba advertida de que si al evaluar los documentos el TPI se percataba de que alguno no estaba cobijado por el privilegio, se le impondría una sanción por negarse a su descubrimiento. [8] Al concluir que los documentos que no consideró privilegiados eran comunicaciones que no podían cobijarse bajo ninguna circunstancia por el privilegio abogado-cliente o bajo la doctrina de "work product", el TPI encontró que no existió justa causa para negarse a su descubrimiento y que se trató de una táctica dilatoria. Por tanto, en virtud de la amplia facultad que le concede la Regla 34.1(d) de Procedimiento Civil, *supra*, le impuso el pago de quinientos dólares ($500.00) como sanción.

Es nuestra opinión que, no habiéndose demostrado que el TPI actuó con prejuicio o parcialidad o que haya incurrido en una acción arbitraria o en un abuso de su discreción en la conducción de los procedimientos ante sí, no procede que intervengamos con su dictamen. Véase *García v. Asociación*, 165 D.P.R. 311 (2005); *Álvarez v. Rivera*, 165 D.P.R. 1 (2005); *Meléndez v. Caribbean Int'l News, supra; Zorniak v. Cessna, supra; Lluch v. España Service Sta., supra; Valencia, Ex Parte, supra.* No hay duda de que ese es el foro que mejor conoce las interioridades del caso y quien está en mejor posición para tomar las medidas que permitan el adecuado curso hacia su final disposición.

## V

Por los fundamentos antes expuestos, se expide el auto solicitado y se confirma la resolución emitida por la Sala Superior de Ponce el 10 de septiembre de 2008.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

### ESCOLIOS 2009 DTA 101

1. La solicitud incluyó que se les proveyera copia fiel y exacta de los siguientes: el expediente oficial, según estaba organizado en el tribunal; el expediente departamental; el expediente médico; el expediente del Departamento de Asuntos Laborales; el expediente o pantallas del "Employee Payroll Personnel and Absent System", conocido como "EPPA"; el expediente conocido como "TEDS"; y "cualquier otro documento, encuéntrese donde se encuentre, ya sea archivado o guardado, electrónico, digital, o de cualquier otra índole que tenga que ver con la obrera demandante". Véase pág. 191 del Apéndice de la Petición de *Certiorari*.

2. Recurso KLCE-2008-00981.

3. En un principio, el remedio solicitado por la PRTC, dado a la entrega inminente a los recurridos de los documentos que el TPI consideró como no privilegiados, se limitaba a que revocáramos la resolución recurrida disponiendo que todos los documentos de los cuales se solicitó la orden protectora estaban amparados por el privilegio abogado-cliente y, por ende, ordenáramos que se devolvieran a la PRTC todos aquellos documentos que se le habían entregado a los recurridos, prohibiendo su uso durante el juicio.

**4.** La doctrina del "work product" tiene su origen en la Regla 26(b)(3) de Procedimiento Civil Federal que, a su vez, se basa en lo resuelto por el Tribunal Supremo de los Estados Unidos en *Hickman v. Taylor, supra.* El precepto federal dispone que los documentos preparados en anticipación a la litigación o para el juicio por o para otra parte o para el representante de esa otra parte, pueden ser obtenidos por descubrimiento sólo si se demuestra que la parte que los interesa por ese medio tiene una necesidad sustancial del material para la preparación de su caso y obtenerlos por otros medios constituiría un gravamen oneroso. Además, provee para que el tribunal también excluya del descubrimiento las impresiones mentales, conclusiones, opiniones o teorías legales sobre el caso del abogado o de cualquier otro representante de una parte.

Al adoptarse en Puerto Rico la doctrina, nuestra Regla 23.1(b) de Procedimiento Civil, *supra,* eliminó el requisito incluido en su contraparte federal que consistía en tener que demostrar necesidad sustancial de descubrir el material, así como la dificultad de obtenerlo por otros medios por constituir un gravamen oneroso impuesto al que requiere el descubrimiento. Véase comentarios de la Regla 23.1(b); *cf Rosado v. Tribunal Superior*, 94 D.P.R. 122, 129-131 (1967). Sin embargo, se conservó la parte que establece que estará fuera del alcance del descubrimiento lo relacionado con las impresiones mentales, conclusiones, opiniones o teorías legales sobre el caso ya sean del abogado o de cualquier otro representante de una parte.

**5.** Surge de la resolución recurrida que el TPI nombró y enumeró todos los documentos evaluados, para un total de 338 comunicaciones.

**6.** Lo anterior se refuerza ante el hecho de que el TPI sí consideró que setenta y cuatro (74) de los documentos eran privilegiados, lo cual es incompatible con una conclusión de que existió una renuncia al privilegio. De haber concluido que existió una renuncia al privilegio por parte de la PRTC, el TPI hubiera permitido el descubrimiento de la totalidad de los documentos, lo cual no fue el caso. Lo que sí concluyó el TPI fue que muchos de los documentos no podían considerarse confidenciales, no por una renuncia al privilegio, sino por su propio manejo y contenido.

**7.** El planteamiento de que los expedientes eran impertinentes a la controversia pendiente no es uno meramente procesal, como alega la PRTC, y necesariamente envuelve, a nuestro juicio, su revisión y estudio.

**8.** La PRTC tuvo la oportunidad de realizar un desglose de todos los documentos y seleccionar aquellos que entendía que eran privilegiados, al amparo de lo dispuesto en nuestra Regla 23.1 de Procedimiento Civil, *supra,* así como en la Regla 25 de Evidencia, *supra.*