# 95 DTA 103

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE PONCE Y AIBONITO PANEL I

DARIO VIDAL VELAZQUEZ
Peticionario-Recurrente

v.

MARCOS COLON ARROYO
Peticionado-Recurrido

Núm. KLCE-95-00234

San Juan, Puerto Rico, a 8 de mayo de 1995

Panel integrado por su presidente, Juez Sánchez Martínez
y los Jueces Córdova Arone y Segarra Olivero

Segarra Olivero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La parte demandante-recurrente solicita la revisión de una determinación del Tribunal de Primera Instancia declarando no ha lugar la petición del aquí recurrente de que se dieran por admitidos los hechos consignados en un Requerimiento de Admisiones que la parte demandada ha contestado transcurrido con creces el término dispuesto para ello. Solicita el recurrente que se revoque la determinación del tribunal *a quo,* y que se ordene, además, la inhibición del juez de instancia ante cuya consideración está el caso. Examinados sus argumentos, resolvemos que erró el Tribunal de Primera Instancia al denegar la petición del recurrente, y que procede por lo tanto a conceder el primero de los remedios solicitados.

### I

Según se desprende del recurso, como parte del proceso de descubrimiento de prueba en una reclamación por incumplimiento de contrato, el 5 de diciembre de 1994 la parte demandante-recurrente notificó a la parte demandada un Requerimiento de Admisiones. El día 30 de diciembre, pasado el término de veinte días que concede la Regla 33 de Procedimiento Civil, 32 L.P.R.A. Ap. II, para remitir la contestación al requerimiento, la parte demandada radicó una moción objetando el requerimiento. Mediante Orden notificada el 27 de enero de 1995, el juez de instancia declaró no ha lugar a la referida moción y concedió veinte (20) días adicionales a la parte demandada para que contestara el requerimiento. El 28 de febrero de 1995, al no haber recibido contestación del demandado, la parte demandante-recurrente radicó Moción Solicitando se dé por Admitido el Requerimiento de Admisiones. Tres días más tarde, la parte demandada envió la contestación al requerimiento, notificándolo así al Tribunal. El 6 de marzo el Tribunal emitió orden dándose por enterado de la Moción radicada por el demandado y denegando la solicitud del demandante. Solicitada la reconsideración de esta decisión, la misma fue declarada no ha lugar, y de esta determinación es que se recurre en el recurso de epígrafe.

### II

La Regla 33 de Procedimiento Civil, 32 L.P.R.A. Ap.II, dispone en la parte pertinente:

*"...Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haber sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia."*

El lenguaje utilizado en las Reglas de Procedimiento Civil y en la jurisprudencia sobre la concesión de prórrogas, es diáfano. La prórroga para la presentación de un escrito o para la realización de un acto debe solicitarse antes de finalizar el término originalmente dispuesto o después de expirar el plazo especificado, si la omisión se debió a negligencia excusable. Regla 68.2 de Procedimiento Civil, 32 L.P.R.A. Ap. II.

La Regla 6.7 de Procedimiento Civil, 32 L.P.R.A. Ap. II, dispone que las prórrogas se concederán únicamente *"en circunstancias meritorias que superen el rigor crítico del juez orientado siempre hacia el cumplimiento de los términos, elemento vital de la pronta y justa decisión de los casos"*. *Banco Metropolitano v. Berríos*, 110 D.P.R. 721, 725 (1981). Véase *Lluch v. España Service Station*, 117 D.P.R. 729, nota al calce núm. 13 (1986); *Lugo v. Mun. de Bayamón*, 111 D.P.R. 679 (1981). Como regla general, los tribunales no deben conceder prórrogas a menos que éstas se presenten dentro del término establecido en las reglas, vengan acompañadas de una adecuada justificación, el tribunal determine que al concederla no se causará perjuicio a la otra parte o una indebida dilación de la pronta solución de la controversia y que su concesión sea necesaria para lograr la justa solución de la contienda judicial. *Lluch v. España Service Sta.*, 117 D.P.R. 729, 745 (1986).

En el caso de autos, el Tribunal de Primera Instancia aceptó la Moción en Oposición al Requerimiento fuera del término que las reglas disponen para ello; le concedió además a la parte demandada un término igual al original para presentar su contestación. Tampoco en esta ocasión el demandado actuó dentro del plazo concedido. No es hasta que la parte demandante radica la Moción solicitando que se den por admitidos los hechos contenidos en el requerimiento de admisiones que el demandado notifica el envío de sus respuestas sin señalar la existencia de causa que lo justifique o negligencia excusable.

La parte demandada ha tardado sesenta y seis (66) días en contestar un requerimiento de admisiones que consta de apenas cinco incisos, ninguno de los cuales envuelve gran complejidad y todos ellos relativos a eventos en los que alegadamente el demandado participó. La aceptación o negación de lo expresado en el requerimiento no representaba de ninguna manera una tarea onerosa para el demandado y su representación legal.

Entendemos que en el caso de autos el tribunal de instancia ha utilizado la discreción judicial en detrimento del legítimo interés de la parte demandante de que su caso sea prontamente resuelto en los méritos, sin que haya mediado justa causa para ello. La parte demandante, como hemos señalado, no hace esfuerzo alguno por justificar su tardanza en contestar el requerimiento; revela así un ánimo contumaz y dilatorio que no puede ser avalado por el tribunal. El incumplimiento injustificado con los términos es contrario a la política pública de rápida tramitación de los pleitos y a los principios más elementales de economía procesal.

La parte demandada no podía ignorar que los efectos de no formular una contestación al requerimiento bajo la Regla pueden ser desastrosos para la parte requerida, quien se coloca prácticamente en la situación de una parte en rebeldía con respecto a las admisiones requeridas por el proponente. *Menéndez García v. Tribunal Superior*, 101 D.P.R. 667, 669 (1973). Al no presentar a tiempo su contestación, asumió el riesgo que advierte el texto de la regla. Incidió el Tribunal de Primera Instancia al no dar por admitidos los hechos contenidos en el requerimiento de admisiones.

## III

Interesa la parte recurrente que este Tribunal ordene la inhibición del juez que intervino en primera Instancia en este caso, y de cuya determinación se recurre. La solicitud, presentada por primera vez ante un tribunal apelativo es totalmente improcedente.

La Regla 63.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, enumera las causas por las cuales un juez debe inhibirse, a iniciativa propia o a recusación de parte, de actuar en un pleito. La parte demandante-recurrente no invoca ninguna en particular, por lo cual sólo podríamos especular sobre la raíz de su descontento. En todo caso, el procedimiento de recusación de un juez, según articulado en las Reglas de Procedimiento Civil, debe originarse mediante declaración jurada y debidamente fundamentada tan pronto el solicitante advenga en conocimiento de la causa de recusación. Reglas 63.2 y 63.3 de Procedimiento Civil. Esto significa, naturalmente, que debe presentarse la recusación ante el Tribunal de Primera Instancia, donde, según disponen las reglas, se debe asignar a otro juez para su resolución. No es posible iniciar el procedimiento como un argumento incidental a la revisión de una determinación interlocutoria, como pretende el recurrente.

Resolvemos por lo tanto que no somos el foro para solicitar inicialmente la inhibición del juez de instancia; la parte demandante debe presentar su solicitud ante el tribunal de primera instancia según prescriben las citadas Reglas.

Por los fundamentos anteriormente expresados, expedimos el auto solicitado, revocamos la resolución recurrida y ordenamos que se den por admitidos las aseveraciones contenidas en el Requerimiento de Admisiones cursado a la parte demandada-recurrida y resolvemos que no procede el remedio solicitado relativo a la inhibición del juez de primera instancia.

Así lo resolvió y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 103

**1.** De hecho, el demandado, en su Contestación a la Demanda y Reconvención negó enfáticamente hechos aseverados en la demanda que estaban relacionados con el contenido del requerimiento de admisiones. Se solicita en el requerimiento que se afirme o niegue si el demandado sabía que estaba bajo investigación de la Policía; en la reconvención reclama daños por alegarse eso mismo en la demanda. La reconvención, a nuestro entender, carece de todo mérito y debe ser desestimada. La Sec. 4 de la Ley del 19 de febrero de 1902, 32 L.P.R.A. sec. 3144, dispone que no se tendrá por maliciosa una publicación que se hace en un procedimiento legislativo, judicial u otro procedimiento cualquiera autorizado por la ley. No puede por lo tanto imponérsele responsabilidad al demandante por alegar en la demanda que *"el demandado es buscado por la Policía"*. El texto del párrafo 12 de la demanda es privilegiado.

**2.** El más poderoso instrumento para hacer justicia reservado a los jueces. *Banco Metropolitano v. Berríos,* 110 D.P.R. 721, 725 (1981).