Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| OLGA MÉNDEZ OLIVIERI<br><br>Parte Recurrida<br><br>v.<br><br>CONSEJO DE TITULARES DEL CONDOMINIO SURFSIDE MANSION Y OTROS<br><br>**Karen Santiago Parte Peticionaria** | KLCE202301262 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Civil núm.: CA2018CV00795 (406)<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rivera Colón, la Juez Lebrón Nieves y el Juez Rodríguez Flores

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de noviembre de 2023.

Comparece la señora Karen Santiago (Sra. Santiago) y solicita que revoquemos la *orden* emitida y notificada el 11 de octubre de 2023, por el Tribunal de Primera Instancia (TPI), Sala de Carolina. Mediante ésta, el TPI dio por admitido el requerimiento de admisiones cursado por la señora Olga Méndez Olivieri a la Sra. Santiago.

Evaluado el escrito, los documentos que conforman el apéndice y el estado de derecho aplicable, denegamos la expedición del auto de *certiorari*.

I.

El 11 de mayo de 2018, la Sra. Olga Méndez Olivieri (Sra. Méndez) presentó una demanda de daños y perjuicios contra el Condominio Surfside Mansions, Monitoreo 24 Hours, Inc. (Monitoreo) y su empleada, Sra. Santiago, entre otros codemandados. En síntesis, adujo haber sido sometida a actos discriminatorios, ofensivos, denigrantes y difamatorios, dirigidos a

mancillar su reputación, honra y buen nombre. En cuanto a la Sra. Santiago, arguyó que estaba haciendo expresiones falsas a los demás titulares del Condominio Surfside Mansions, lugar en el que residía la Sra. Méndez.[1]

Luego de varios incidentes procesales, y como parte de los mecanismos de descubrimiento de prueba, el 21 de agosto de 2023, la Sra. Méndez notificó a la Sra. Santiago un *Primer Pliego de Interrogatorio, Requerimiento de Admisiones y Producción de Documentos.*

El 11 de octubre de 2023, la Sra. Méndez presentó una *Moción Solicitando que se den por Admitidos los Requerimientos de Admisiones.*[2] Indicó que la Sra. Santiago no contestó el requerimiento de admisiones dentro del término de veinte (20) días que provee la Regla 33 de Procedimiento Civil[3], ni dentro de la prórroga de quince (15) días acordada por las partes, que venció el 10 de octubre de 2023.

El 11 de octubre de 2023, el TPI emitió una *Orden* mediante la cual dio por admitido el requerimiento de admisiones cursado por la Sra. Méndez a la Sra. Santiago. A continuación, transcribimos el dictamen del foro recurrido:

> Con lugar. Procede en derecho conforme lo dispone la Regla 33 de Procedimiento Civil que se den por admitidos los requerimientos de admisiones que se cursaron a la Sra. Santiago.
>
> Lo anterior fundamentado en lo siguiente:
>
> El 21 de agosto de 2023, la Sra. Méndez cursó un requerimiento de admisiones a la Sra. Karen Santiago ("Sra. Santiago"). Conforme a la Regla 33 de Procedimiento Civil la Sra. Santiago tenía veinte (20) días para contestar dicho requerimiento. Dicho término vencía el 11 de septiembre de 2023. El 18 de septiembre de 2023, Monitoreo 24 Horas, Multinational Insurance Company (en conjunto "Monitoreo") y la Sra. Santiago presentaron una solicitud de orden protectora que le

---

[1] La demanda se enmendó a los efectos de acumular demandados adicionales. El TPI autorizó la enmienda mediante orden emitida el 5 de diciembre de 2019 y notificada el 18 de diciembre de 2019.
[2] Apéndice del recurso, págs. 41-42.
[3] 32 LPRA Ap. V, R. 33.

eximiera de contestar los requerimientos de admisiones. El 21 de septiembre de 2023, fue denegada la solicitud de Monitoreo y la Sra. Santiago y se ordenó contestar el descubrimiento cursado. El 25 de septiembre de 2023, la Sra. Santiago solicitó un término adicional de quince (15) días para contestar lo solicitado, dicho término venció el 10 de octubre de 2023.

Resolvemos esta moción, toda vez que el término otorgado por el tribunal está vencido y en efecto, surge del expediente que no se cumpli[ó] a pesar de la prórroga concedida. Tampoco se presentó, moción informando al tribunal dentro del término de la prórroga las razones para no poder cumplir con la misma.[4]

El mismo 11 de octubre de 2023, Monitoreo y la Sra. Santiago instaron una *Moción de Reconsideración* en la aludieron a la dificultad para coordinar una reunión con la Sra. Santiago y cumplir con el plazo acordado. Ante ello, solicitaron que se les permitiera presentar la contestación al requerimiento de admisiones en un término a vencer el 13 de octubre de 2023. La contestación al requerimiento fue remitida por correo electrónico a la Sra. Méndez el 12 de octubre de 2023.

Así las cosas, la Sra. Méndez presentó su *Oposición a Moción de Reconsideración* el 12 de octubre de 2023.

Ese mismo día, 12 de octubre de 2023, notificada el 13 de octubre de 2023, el TPI dictó *orden* mediante la cual denegó la moción de reconsideración y reafirmó la orden emitida el 11 de octubre de 2023, y por los mismos fundamentos.

Inconforme con el aludido dictamen, el 13 de noviembre de 2023, la Sra. Santiago incoó el presente recurso de *certiorari* y apuntó los siguientes señalamientos de error:

Primer señalamiento de error: Erró el TPI, abusó de su discreción y erró en la aplicación del Derecho, al dar por admitidos unos requerimientos de admisiones dirigidos a la negligencia de la recurrida en su orden del 11 de octubre de 2023 cuando los mismos fueron contestados dentro del término solicitado y aprobado por la parte recurrida de "al menos 15 días". En la alternativa,

---

[4] Apéndice del recurso, pág. 45.

fueron contestados a sólo dos (2) días de vencido el término de 15 días.

Segundo señalamiento de error: Erró el TPI, abusó de su discreción, erró en la aplicación del Derecho e incurrió en un error craso y manifiesto, al dar por admitidos unos requerimientos dirigidos a la cuestión última que la parte recurrida tendría que probar en la vista en su fondo: la negligencia, a pesar de que la peticionaria se ha estado defendiendo vigorosa y celosamente de las alegaciones de la recurrida por los pasados cinco (5) años y a pesar de que la demandante/recurrida ha disfrutado de múltiples prórrogas solicitadas y concedidas por el TPI.

II.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[5]

En los casos civiles, la Regla 52.1 de Procedimiento Civil[6], delimita las instancias en las que procede que este Tribunal de Apelaciones expida el recurso de *certiorari*.[7] La citada Regla establece que el recurso sólo se expedirá cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia.[8] Según lo dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un

---

[5] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[6] 32 LPRA Ap. V, R. 52.1.
[7] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.*, 202 DPR 478, 486 (2019).
[8] *Íd.*

recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones[9] instituye los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Estos criterios son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[10] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

En fin, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o

---

[9] 4 LPRA Ap. XXII-B, R. 40.
[10] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[11]

-B-

El requerimiento de admisiones es "un instrumento sencillo y económico para delimitar las controversias del caso".[12] La Regla 33 de Procedimiento Civil[13], que regula lo relativo al requerimiento de admisiones, busca aligerar los procedimientos para definir y limitar las controversias del caso.[14]

Mediante un requerimiento de admisiones una parte puede requerir a la otra que admita la veracidad de cualquier materia que esté dentro del alcance de la Regla 23.1 de Procedimiento Civil[15], respecto a cuestiones u opiniones de hechos o con la aplicación de la ley a los hechos, o que admita la autenticidad de cualquier documento que se acompañe con el requerimiento.[16] El efecto de la admisión es que se releva a la parte adversa de tener que presentar en el juicio prueba del hecho admitido y de esta forma propicia que se acorte la audiencia y que no se incurra en gastos innecesarios. Por tanto, la admisión de un requerimiento se considerará definitiva, salvo que el tribunal permita su retiro o una enmienda a ésta.[17]

Sujeto a lo dispuesto en la Regla 37 de Procedimiento Civil[18], que regula las enmiendas de una orden dictada en conferencia con antelación al juicio, el tribunal podrá permitir el retiro o la enmienda de la admisión si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al tribunal

---

[11] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986). Véase, además, *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).
[12] *Rivera Prudencio v. Mun. de San Juan,* 170 DPR 149, 171 (2007).
[13] 32 LPRA Ap. V, R. 33.
[14] *Rivera Prudencio v. Mun. de San Juan,* supra; *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 571 (1997).
[15] 31 LPRA Ap. V, R. 23.1.
[16] *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, pág. 572
[17] *Rivera Prudencio v. Mun. de San Juan,* supra.
[18] 32 LPRA Ap. V, R. 37.

que el retiro o la enmienda afectará adversamente su reclamación o defensa.[19]

Ahora bien, la parte interpelada tiene que admitir o negar lo requerido bajo juramento o presentar una objeción escrita sobre la materia en cuestión dentro del término de veinte (20) días. Si ésta no cumple con dicho término, las cuestiones sobre las cuales se solicitó la admisión automáticamente se tendrán por admitidas.[20] No se requiere que el tribunal emita una orden.[21]

### III.

La Sra. Santiago aduce que el TPI erró al dar por admitido el requerimiento de admisiones que le cursó la Sra. Méndez el 21 de agosto de 2023. Entiende que el TPI abusó de su discreción al no permitirle contestar el requerimiento luego de dos días de vencido el término adicional acordado por las partes para hacerlo.

Sin embargo, conforme a la norma jurídica esbozada, el asunto planteado no está contemplado dentro de los supuestos de la Regla 52.1de Procedimiento Civil, *supra*, en los que procede expedir el auto de *certiorari*. La Sra. Santiago tampoco demostró la existencia de alguna de las circunstancias excepcionales dispuestas en la precitada regla, o de cualquiera de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra*, que justifique intervenir con el trámite pautado por el foro recurrido.

Como vemos, ésta no sólo incumplió con el término reglamentario de veinte (20) días para producir sus contestaciones, sino que las partes acordaron extender el término hasta el 10 de octubre de 2023 y la Sra. Santiago tampoco contestó el requerimiento. Así que, al adjudicar el asunto, el TPI actuó de

---

[19] Regla 33 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 33 (b).
[20] *Rivera Prudencio v. Mun. de San Juan*, supra, págs. 171-172; *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, pág. 573.
[21] *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra.

conformidad con las normas que prevalecen en la materia que atendemos.

Por tanto, en ausencia de los criterios de la Regla 52.1 de Procedimiento Civil, *supra*, o de algún otro de los consignados en la Regla 40 de nuestro Reglamento, *supra*, nos abstenemos de intervenir con el dictamen recurrido.

IV.

Conforme a lo anteriormente expuesto, se deniega la expedición del auto de *certiorari*.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| OLGA MÉNDEZ OLIVIERI | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina |
|---|---|---|
| Parte Recurrida | | |
| V. | | |
| CONSEJO DE TITULARES DEL CONDOMINIO SURFSIDE MANSION Y OTROS | KLCE202301262 | Civil núm.: CA2018CV00795 (406) |
| **Karen Santiago Parte Peticionaria** | | Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rivera Colón, la Juez Lebrón Nieves y el Juez Rodríguez Flores

**VOTO DISIDENTE JUEZ LEBRÓN NIEVES**

En San Juan Puerto Rico a, 30 de noviembre de 2023.

En esencia, nos corresponde dirimir si, conforme a los hechos del presente caso, procedía dar por admitido el requerimiento de admisiones que le fue cursado a la parte peticionaria, por no haber contestado el mismo dentro del término provisto. La Mayoría de este Panel ha optado por denegar el recurso. Esta Juez, por el contrario, considera que dadas las particularidades del caso que nos ocupa, procedía revocar el dictamen impugnado. Me explico.

Como sabemos, la Regla 33 de Procedimiento Civil[22], reglamenta lo pertinente al alcance del requerimiento de admisiones y en lo particular, dispone:

**Regla 33. Requerimiento de Admisiones**

(a) *Requerimiento de admisión.* —A los efectos de la acción pendiente únicamente, una parte podrá requerir por escrito a cualquier otra parte que admita la veracidad de cualesquiera materias dentro del alcance de la Regla 23.1 de este apéndice contenidas en el requerimiento, que se relacionen con cuestiones de hechos u opiniones de hechos o con la aplicación de la

---

[22] 32 LPRA Ap. V, R. 33.

ley a los hechos, incluyendo la autenticidad de cualquier documento descrito en el requerimiento. Se notificarán copias de los documentos conjuntamente con el requerimiento, a menos que hayan sido entregadas o suministradas para inspección y copia. El requerimiento podrá notificarse, sin el permiso del tribunal, a la parte demandante luego de comenzado el pleito y a cualquier otra parte luego de haber transcurrido el término de los treinta (30) días a la fecha de su emplazamiento. Si la parte demandada inicia cualquier tipo de descubrimiento dentro del referido plazo, dicha limitación no será de aplicación.

Cada materia sobre la cual se requiera una admisión deberá formularse por separado. **Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión, una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia.** A menos que el tribunal acorte el término, una parte demandada no estará obligada a notificar contestaciones u objeciones antes de transcurridos veinte (20) días a partir de haberle sido entregada copia de la demanda y el emplazamiento, debiéndose en este caso apercibirle en el requerimiento que de no contestarlo en el término dispuesto se entenderá admitido. Si se objeta el requerimiento de admisión, deberán hacerse constar las razones para ello. La contestación deberá negar específicamente la materia o exponer en detalle las razones por las cuales la parte a quien se le requiere la admisión no puede admitir o negar lo requerido. Toda negación deberá responder cabalmente a la sustancia de la admisión requerida, y cuando la buena fe exija que una parte cualifique su contestación o niegue solamente una parte de lo requerido, deberá especificarse lo que sea cierto y negarse solamente el resto. Una parte a quien se le requiere una admisión no podrá aducir como razón para así no hacerlo la falta de información o de conocimiento, a menos que demuestre que ha hecho las gestiones necesarias para obtener dicha información y que la información conocida u obtenida es insuficiente para admitir o negar. Una parte no podrá objetar el requerimiento basándose únicamente en que la materia requerida presenta una controversia justiciable; podrá, sujeto a lo dispuesto en la Regla 34.4 de este apéndice, negar lo requerido o exponer las razones por las cuales no puede admitir o negar.

La parte que ha requerido las admisiones podrá, mediante una moción, cuestionar la suficiencia de las contestaciones u objeciones. A menos que el tribunal determine que una objeción está justificada, ordenará que se conteste lo requerido. Si el tribunal determina que una contestación no cumple con los requisitos de esta regla, podrá ordenar que se dé por admitido lo requerido o que se notifique una contestación

enmendada. El tribunal podrá, en su lugar, determinar que se dispondrá finalmente del requerimiento en una conferencia con antelación al juicio o en una fecha señalada antes del juicio. Las disposiciones de la Regla 34.2(c) de este apéndice son de aplicación a la imposición de gastos en que se incurra con relación a la moción.

(b) *Efecto de la admisión.*—**Cualquier admisión hecha en conformidad con esta regla se considerará definitiva, a menos que el tribunal, previa moción al efecto, permita el retiro o enmienda de la admisión.** Sujeto a lo dispuesto en la Regla 37 de este apéndice, que regula las enmiendas de una orden dictada en conferencia con antelación al juicio, el tribunal podrá permitir el retiro o enmienda de la admisión si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o la enmienda afectará adversamente su reclamación o defensa. Cualquier admisión de una parte bajo estas reglas sólo surtirá efecto a los fines del pleito pendiente y no constituirá una admisión de dicha parte para ningún otro fin, ni podrá ser usada en su contra en ningún otro procedimiento. *(Énfasis nuestro).*

Conforme lo dispone nuestro ordenamiento procesal, a través de un requerimiento de admisiones una parte puede requerir a la otra que admita la veracidad de cualquier materia que esté dentro del alcance de la Regla 23.1 de Procedimiento Civil, respecto a cuestiones u opiniones de hechos o con la aplicación de la ley a los hechos, o que admita la autenticidad de cualquier documento que se acompañe con el requerimiento. *Audiovisual Lang. v. Sist. Est. Natal Hnos.,* 144 D.P.R. 563 (1997). Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Publicaciones J.T.S., 2000, Tomo I, pág. 565. El efecto de dicha admisión es que releva a la parte adversa de tener que presentar en el juicio prueba del hecho admitido y de esta forma propicia que se acorte la audiencia y no se incurran en gastos innecesarios. Cuevas Segarra, *op. cit.*, pág. 566.

Por lo tanto, la admisión de un requerimiento se considerará definitiva, salvo que el tribunal permita su retiro o una enmienda a ésta. La parte interpelada tiene que admitir o negar lo requerido bajo juramento o presentar una objeción escrita sobre la materia en cuestión dentro del término de 20 días. Si ésta no cumple con este

término, "las cuestiones sobre las cuales se solicitó la admisión, automáticamente se tendrán por admitidas." *Audiovisual Lang. v. Sist. Est. Natal Hnos.,* ante, pág. 573. El requerido tiene un deber afirmativo de responder y de efectuar las gestiones necesarias para obtener la información para admitir o negar. *Rivera Prudencio v. Municipio de San Juan,* 170 DPR 149 (2007).

La Regla 33 de Procedimiento Civil, *supra,* sobre requerimiento de admisiones, persigue el propósito de aligerar los procedimientos, definiendo y limitando las controversias del caso, proporcionando así un cuadro más claro sobre las mismas. Mediante esta regla procesal, aunque no es propiamente un mecanismo de descubrimiento de prueba, se pueden lograr "admisiones que pueden usualmente evadirse al contestar las alegaciones o interrogatorios o las preguntas formuladas en el curso de una deposición". *Rosado v. Tribunal Superior,* 94 DPR 122, 133 (1967). Véase, además: *Pérez Cruz v. Fernández,* 101 DPR 365, 373 (1973) y 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d Secs. 2251-2252.

Al amparo de la antes citada Regla 33 se puede requerir que se admita la veracidad de cualquier materia que esté dentro del alcance de la Regla 23.1. Esto incluye hechos que están en controversia y opiniones relacionadas con los hechos o con la aplicación de la ley a éstos. Bajo la Regla 33, no se permiten requerimientos de admisiones sobre una materia puramente legal, aunque sí se puede requerir la admisión de la aplicación de la ley a los hechos. *8A Wright, Miller & Marcus,* supra, sec. 2255; *Diederich v. Department of Army,* 132 FRD 614, 617 (SDNY 1990). Luego de los cambios introducidos a la Regla 33 en el 1979, esta puede utilizarse como base para la presentación de una moción solicitando sentencia sumaria bajo la Regla 36 de Procedimiento Civil. *8A Wright, Miller & Marcus,* supra, sec. 2254.

Para poderse confrontar efectivamente con un requerimiento de admisiones, la parte tiene que, *bajo juramento, admitir o negar lo requerido, u objetarlo.* Para negar u objetar tendrá un término de veinte (20) días, contados desde que se le notificó el requerimiento o dentro del término que el tribunal le hubiese concedido. Si la parte no cumple con este término, las cuestiones sobre las cuales se solicitó la admisión, automáticamente se tendrán por admitidas. No se requiere que el tribunal emita una orden. Regla 33(a) de Procedimiento Civil, *supra.* Esta admisión se considerará definitiva, a menos que el tribunal, previa moción al efecto, permita su retiro o una enmienda a la misma. Regla 33 (b) de Procedimiento Civil, *supra.*

En el caso de marras, llama la atención el hecho que, al notificársele el requerimiento de admisiones a la parte peticionaria, a pesar de que se brindaron múltiples instrucciones y definiciones, **no se le apercibió a la parte requerida, de las implicaciones de no contestar dentro del término provisto para ello.**

Del mismo modo, cuando el foro *a quo* prorrogó por cinco (5) días, el término para contestar el aludido requerimiento de admisiones, tampoco apercibió a la parte peticionaria, a los efectos de que transcurrido dicho término, los requerimientos se darían por admitidos.

Del expediente se desprende que, las respectivas representaciones legales de las partes sostuvieron comunicaciones entre sí, relacionadas al descubrimiento de prueba cursado. Entre estas, el 25 de septiembre de 2023, el abogado de la parte peticionaria se comunicó con el representante legal de la parte recurrida para informarle sobre los inconvenientes que estaba confrontando para conseguir a la peticionaria Karen Santiago y le solicitó un término no menor de quince (15) días para proveerle la contestación al requerimiento de admisiones.

El **11 de octubre de 2023**, la parte recurrida instó ante el foro primario *Moción Solicitando que se den por Admitidos los Requerimientos de Admisiones*.

El **12 de octubre de 2023**, la parte peticionaria le cursó a la parte recurrida *Contestaciones a Interrogatorios y Respuestas a Requerimiento de Producción de Documentos y Admisiones*. Empero ese mismo día, el foro de primera instancia emitió la *Orden* recurrida en la que dio por admitidos los aludidos requerimientos de admisiones. A pesar de que oportunamente, la parte peticionaria le solicitó reconsideración al foro primario, la misma fue denegada.

Ciertamente, si la parte a quien se le cursa un requerimiento de admisiones no cumple con este término de veinte (20) días, provisto por la Regla 33, *supra*, "las cuestiones sobre las cuales se solicitó la admisión, automáticamente se tendrán por admitidas." *Audiovisual Lang. v. Sist. Est. Natal Hnos., ante,* pág. 573. El requerido tiene un deber afirmativo de responder y de efectuar las gestiones necesarias para obtener la información para admitir o negar.

Ahora bien, nuestra última instancia judicial ha sido enfática al señalar que, **en el ejercicio de su discreción, el tribunal debe interpretar la regla de forma flexible, favoreciendo, en los casos apropiados, que el conflicto se dilucide en los méritos. Debe de ejercer especial cuidado cuando se trata de una admisión tácita, o sea, por no haberse contestado el requerimiento dentro del término establecido para ello.** *Audiovisual Lang. v. Sist. Est. Natal Hnos.,* ante, pág. 573.

Las disposiciones de la Regla 33 son mandatorias, no meramente directivas, lo que requiere que haya un cumplimiento sustancial con las mismas. **Sin embargo, al igual que ocurre con cualquier otra regla procesal, al aplicarla e interpretarla, no se puede permitir que consideraciones técnicas prevalezcan en**

**detrimento de la justicia sustancial. Las Reglas de Procedimiento Civil "[s]e interpretarán de modo que garanticen una solución justa, rápida y económica de todo procedimiento".** Regla 1 de Procedimiento Civil, *supra*; *8A Wright, Miller & Marcus,* supra, sec. 2252.

Como mencionamos previamente, en el caso de marras, la parte peticionaria hizo actos afirmativos para cumplir con el descubrimiento de prueba que le fuera cursado, particularmente, respecto al requerimiento de admisiones. Por lo que, **no estamos** ante un caso caracterizado por la desidia y la dejadez, ni en el que se hayan retrasado innecesariamente los procedimientos del caso.

A juicio de esta Juez, ante el cuadro procesal y fáctico del presente caso, y en ausencia de las consabidas advertencias de las consecuencias de no contestar dentro del término reglamentario, deben prevalecer los fines de la justicia. Máxime, cuando pudieran verse afectados derechos de estirpe constitucional como lo es el debido proceso de ley.

Por las razones antes expuestas, disiento del curso decisorio de la Mayoría.


GLORIA L. LEBRÓN NIEVES
Juez de Apelaciones